**United States District Court**

**Western District of Washington**

**Seattle Division**

| | |
|---|---|
| Andrew Pilloud,<br>Plaintiff,<br>vs.<br>Delta Dental of California,<br>Defendant. | No. 2:26-cv-01917-TL<br><br>**ERISA Complaint** |

Plaintiff Andrew Pilloud avers as follows.

## I. INTRODUCTION

1. Andrew Pilloud brings this ERISA complaint against Delta Dental of California for failing to provide requested dental plan documents as required under ERISA and systematically under-reimbursing out-of-network dental claims.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

## II. PARTIES

2. Plaintiff Andrew Pilloud is a natural person, citizen of Washington State, and resides at 12544 Shorewood Ln SW, Burien, Washington 98146.
3. Pilloud is a participant, beneficiary, and claimant of the Google LLC Welfare Benefit Plan (hereinafter referred to as the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").
4. Pilloud is the Eligible Employee entitled to payment under the Plan for claims benefiting himself and his Spouse, Nora Capron. Enforcement of ERISA Plan benefits for those claims in Pilloud's personal capacity is proper. Fed. R. Civ. P. 17(a)(1)(F-G)
5. Defendant Delta Dental of California ("Delta Dental") is a California corporation with a principal place of business at 560 Mission St, Suite 1300, San Francisco, California 94105.
6. Delta Dental is the Plan's designated Dental Plan Claims Administrator.
7. Delta Dental is by the terms of the Plan a 29 U.S.C. §1002(16)(A) "administrator".
8. Google LLC ("Google") is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.
9. Google is the Plan Sponsor and designated as Plan Administrator under the terms of the plan but not a Required Party to this action.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

## III. JURISDICTION

10. This Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

11. Pilloud was employed by Google, and received the Plan covered dental benefits in King County, Washington during all relevant periods.

12. Venue for this action lies properly within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), because the breach occurred in this District.

13. Pilloud has exhausted all available administrative remedies under ERISA.

## IV. FACTS

### A. The Plan Wrap

14. The Plan is governed by a document titled GOOGLE LLC WELFARE BENEFIT PLAN "WRAP" SUMMARY PLAN DESCRIPTION (the "WRAP").

15. The WRAP designates Delta Dental as Claims Administrator.

16. The WRAP grants discretionary authority to Delta Dental.

17. The WRAP incorporates the Benefits Booklets provided by Delta Dental.

### B. The First Benefit Booklet

18. A document from Delta Dental titled "Combined Evidence of Coverage and Disclosure Form" (the "First Benefits Booklet") governed the Plan through July 31, 2025.

19. The First Benefits Booklet contains the following disclaimer on the second page:


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

> This Combined Evidence of Coverage/Disclosure Form constitutes only a summary of the dental plan. The dental Contract must be consulted to determine the exact terms and conditions of coverage.

20. The First Benefits Booklet provides the following definitions of Usual, Customary and Reasonable (UCR):

> A Usual fee is the amount which an individual dentist regularly charges and receives for a given service or the fee actually charged, whichever is less.
>
> A Customary fee is within the range of usual fees charged and received for a particular service by dentists of similar training in the same geographic area.
>
> A Reasonable fee schedule is reasonable if it is Usual and Customary. Additionally, a specific fee to a specific Enrollee is reasonable if it is justifiable considering special circumstances, or extraordinary difficulty of the case in question.

21. The First Benefits Booklet provides the following relevant description of Covered Fees:

> Payment for services by a California dentist, or an out-of-state dentist, who is not a Delta Dental Dentist will be based on the applicable percentage of the lesser of the Fee Actually Charged, or the Customary Fee.

### C. The Second Benefits Booklet

22. A document from Delta Dental titled "Employee Benefit Booklet" (the "Second Benefits Booklet") govern the Plan beginning August 1, 2025.

23. The Second Benefits Booklet contains the following disclaimer on the third page:

> The benefit explanations contained in this booklet are subject to all provisions of the Contract on file with your employer, trust fund, or other entity ("Contractholder") and do not modify the terms and conditions of the Contract in any way, nor shall you accrue any rights because of any statement in or omission from this booklet.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

24. The Second Benefits Booklet contains the following relevant definitions:

> **Maximum Contract Allowance**: the reimbursement under the Enrollee's benefit plan against which Delta Dental calculates its payment and the Enrollee's financial obligation. Subject to adjustment for extreme difficulty or unusual circumstances, the Maximum Contract Allowance for services provided: … by a Non-Delta Dental Provider is the lesser of the Provider's Submitted Fee or the Program Allowance.
>
> **Program Allowance**: the maximum amount Delta Dental will reimburse for a covered procedure. Delta Dental sets the Program Allowance for each procedure through a review of proprietary data by geographic area. The Program Allowance may vary by the contracting status of the Provider and/or the Program Allowance selected by the Contractholder.
>
> **Submitted Fee**: the amount that the Provider bills and enters on a claim for a specific procedure.

### D. Initial Out-Of-Network Claim, Record Requests, and Appeal

25. Pilloud has been regularly receiving dental care from Dr. William Kenner's Office ("Dr. Kenner") in Burien, Washington since January 9, 2019.

26. Dr. Kenner left the Delta Dental network effective June 2, 2024.

27. On June 5, 2024, Pilloud received covered dental services from Dr. Kenner.

28. Dr. Kenner collected payment of $154.00 from Pilloud at the conclusion of the June 5, 2024 visit and submitted a claim to Delta Dental.

29. Delta Dental sent Pilloud a June 13, 2024 reimbursement indicating "Accepted" Fees of $154.00 and "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $101.00 stating "The maximum contract allowance is the most your dental plan will pay for a service."


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

30. On July 3, 2024, Delta Dental received the following request from Pilloud:

> Please disclose (1) the "Customary Fee" tables for Diagnostic and Preventative services, including but not limited to billing code D1110, in the geographic area covering "Burien, WA 98166". Additionally please disclose (2) a description of the geographic area the table covers, (3) a description of each category of "dentists of similar training", (4) the methodology used to calculate the rates including but not limited to the source and age of the data.

31. On August 6, 2024, Pilloud filed a complaint with the U. S. Department of Labor.

32. On September 4, 2024, Pilloud received an undated document on Delta Dental letterhead via the U.S. Department of Labor captioned “Fees for Dr. William Kenner”, “Burian, Washington 98166” containing a table of 30 Procedure Codes from D0120 through D9951 and Value in dollars, and the following description:

> This schedule is being released in response to DOL inquiry with Google, solely for the purpose of assisting Mr. Andrew Pilloud in determining his reimbursements should he choose to continue to see Dr. Kenner. This schedule is not intended for released outside of this inquiry. This information is considered confidential and proprietary.

33. The September 4, 2024 document contained no description of the geographic area, dentist training, or methodology used to calculate the rates.

34. Delta Dental sent Pilloud a letter dated September 16, 2024 indicating reimbursement for the June 05, 2024 cleaning was based on the customary fee of $101.00 and confirmed Delta Dental was upholding the processing of the claim as benefits administrator.

35. On October 28, 2024, Pilloud purchased the FAIR Health RV Dental Module published by Optum (“FAIR Health Data”), a commercially available benchmark of dental billings.



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

36. On November 22, 2024, Pilloud sent an appeal of the June 5, 2024 claim to Delta Dental citing the FAIR Health Data and previous in-network claims from Dr. Kenner with higher reimbursement amounts for the same procedures.

37. Delta Dental sent Pilloud a February 6, 2025 reimbursement paying the June 5, 2024 claim in full with notes: "We received additional documentation." and "This service was paid based on how your dental plan is designed."

### E. Second and Third Claim, Second Appeal

38. On October 28, 2024, Pilloud received covered dental services from Dr. Kenner.

39. Dr. Kenner collected payment of $412.00 from Pilloud at the conclusion of the October 28, 2024 visit and submitted a claim to Delta Dental.

40. Delta Dental sent Pilloud a November 7, 2024 reimbursement, similar to the June 13, 2024 statement, indicating "Accepted" Fees of $412.00 and "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $311.00.

41. Each visit since June 5, 2024 by Pilloud or his spouse repeat the same fact pattern: Dr. Kenner collects payment in full at the conclusion of the visit and submits a claim to Delta Dental. Delta Dental then provides a partial reimbursement to Pilloud citing "Maximum Contract Allowance" and Pilloud timely files an appeal citing the FAIR Health Data.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

42. On May 2, 2025, Pilloud submitted his second appeal making substantially the same argument around the FAIR Health Data as the November 22, 2024 appeal, covering both his and Spouse's claims under the Plan.

43. Delta Dental rendered a final decision on case APP-414394 on June 4, 2025.

44. The June 4, 2025 decision acknowledged receiving Pilloud's argument regarding the FAIR Health Data, found the claims processed in accordance with the Plan guidelines, but provided no justification of the applied fee schedule or rebuttal of the data.

45. Delta Dental rendered a final decision case APP-410190 on June 19, 2025.

46. The June 19, 2025 decision acknowledged receiving Pilloud's argument regarding the FAIR Health Data, found the claims not denied, and provided no justification of the applied fee schedule or rebuttal of the FAIR Health Data.

47. On September 17, 2025, Pilloud provided notice via a letter to Delta Dental of his intent to file this action, requesting records be preserved, and reasserting records requests.

48. In response to Pilloud's September 17, 2025 letter, Delta Dental provided copies of its previous letters, but no new documents.

### F. Subsequent Claims And Appeals

49. On October 24, 2025, Pilloud sent a request for Pre-Treatment estimate for an appointment on November 17, 2025.

50. Delta Dental failed to respond to Pilloud's October 24, 2025 letter.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

51. On January 15, 2026, Pilloud sent Delta Dental an appeal.

52. Delta Dental failed to respond to the January 15, 2026 appeal.

53. On April 13, 2026, Pilloud sent Delta Dental an appeal.

54. Delta Dental rendered a substantially identical final decision on the April 13, 2026 appeal in a case APP-683306 dated May 15, 2026.

55. Pilloud and his Spouse continue to regularly see Dr. Kenner.

56. As of filing a total of 12 claims have been under-reimbursed by $1273.60.

## V. CLAIMS

### A. Count One Through Four - Damages for Administrator's Refusal to Supply Requested Information under 29 U.S.C § 1132

57. In the pertinent part, 29 U.S.C. § 1132(a)(3) provides for civil action by a participant or beneficiary:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

58. Under 29 U.S.C. § 1132(c)(1)(B):

> Any administrator … who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to … a beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the … beneficiary within 30 days after such request is liable up to $110 per day from the date of the failure.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

59. In the pertinent part, 29 U.S.C. § 1024(b)(4) sets forth:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

60. The methodology to calculate reimbursement rates is an instrument under which the plan is operated. Department of Labor Advisory Opinion 1996-14A

61. The "Program Allowance and Administrative Services Contract are incorporated by reference in the Benefits Booklet, which is incorporated by reference in the summary plan description, subjecting them to disclosure both as part of the summary plan description and instruments under which the plan is operated.

62. The Plan's selected reimbursement allowance is an instrument under which the plan is operated and information necessary for Pilloud to enforce his rights under the Plan.

63. Pilloud made a request to Delta Dental on July 3, 2024 for "methodology used to calculate the rates".

64. Pilloud made a request to Delta Dental on November 22, 2024 for "Copies of full, non-summary, plan documents, trust agreements, and contracts".

65. Pilloud made a request to Delta Dental on December 10, 2024 for "A full copy of the administrative record"


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

66. Pilloud made a request to Delta Dental on October 24, 2025 for "(1) Program Allowance selected by the Contractholder, (2) the new Dental Summary Plan Document, (3) the 'contract on file'".

67. The requested documents are in Delta Dental's possession.

68. Delta Dental received each of the above requests multiple times from Pilloud.

69. Delta Dental failed to provide the documents Pilloud requested.

70. Delta Dental has intentionally in bad faith refused to provide the documents.

71. Failure to provide the documents has prejudiced Pilloud's ability to perfect his appeal.

72. The court should find each of the four requests constitute a distinct count and that Delta Dental is separately liable for $110 per day starting from the lapse of each request's 30-day statutory deadline until Delta Dental has fulfilled its document production obligations associated with each respective request.

### B. Count Five - Injunctive Relief under 29 U.S.C. § 1132(a)(3) Compelling Delta Dental To Provide Requested Documents

73. In the pertinent part, 29 C.F.R. § 2560.503-1(h)(2)(iii) states a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

74. As described above, Delta Dental is refusing to provide plan documents to Pilloud as required under ERISA, causing Pilloud irreparable harm. Monetary damages are



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

inadequate substitute for Pilloud's right to information, to know exactly where he stands with respect to the plan and what benefits he may be entitled to.

75. Delta Dental suffers no harm complying with its statutory mandate.

76. The court should grant injunctive relief and order Delta Dental to disclose all requested plan documents that that provide Pilloud with information about benefits he is entitled to under the Plan, or are relevant to his claim.

### C. Count Six - Enforcement Under 29 U.S.C § 1132 For Failure To Pay ERISA Plan Benefits and Clarify Future Benefits

77. In the pertinent part, 29 U.S.C. 1132(a)(1) (B) provides for a participant or beneficiaries to bring civil action:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

78. Delta Dental's decision is contrary to the Plan's plan language, as Dr. Kenner's fees are well "within the range of usual fees charged" per the FAIR Health Data.

79. Delta Dental's partial payment of Pilloud's claim is a partial denial and an adverse benefit determination as defined in 29 C.F.R. § 2560.503-1(m)(4)(i) entitling Pilloud to a full and fair review under 29 U.S.C. § 1133 (2) and 29 C.F.R. § 2560.503-1(h)(2).


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

80. Delta Dental abused their discretion and denied Pilloud a full and fair review by failing to timely provide plan documents and evidence used in the determination, this evidence being necessary for Pilloud to perfect his appeals. 503-1(h)(2)(iii)

81. Delta Dental abused their discretion and denied Pilloud a full and fair review by failing to engage with Pilloud's argument, provide any explanation for their contrary reimbursement, ignoring his FAIR Health Data rate study, and replying with substantially identical form letters encouraging the use of in-network dentists. 503-1(h)(2)(iv)

82. Delta Dental abused their discretion when they failed to engage in a meaningful dialogue with Pilloud and by rejecting his appeal without adequate explanation.

83. Delta Dental's reliance on their proprietary reimbursement rate without explaining the rate renders the decision arbitrary and capricious.

84. Per the FAIR Health Data, Delta Dental's reimbursement rates are below 50th percentile and Dr. Kenner's rates are approximately 50th percentile.

85. Delta Dental's calculated reimbursement rates are inconsistent with Plan terms.

86. Delta Dental abused their discretion, breached their fiduciary duty, and acted arbitrarily and capriciously by failing to provide any document or a definitive statement defining the "Program Allowance selected by the Contractholder." in the Second Benefit Booklet.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

87. The terms of the Plan require Pilloud be reimbursed in full for Dr. Kenner's billed rates, with the exception of deductibles, coinsurance, and procedure limitations explicitly enumerated in the Benefits Booklet.

88. Pilloud continues to see Dr. Kenner for dental services. Delta Dental's failure to fully pay benefits is causing Pilloud irreparable harm. Monetary damages are inadequate substitute for Pilloud's ongoing right to full reimbursement under the Plan.

89. The court should grant Pilloud monetary damages for past under-reimbursed claims and injunctive relief ordering Delta Dental to fully reimburse reasonable future claims.

### D. Count Seven – Equitable Relief Under 29 U.S.C § 1132 for Breach of Fiduciary Duty

90. Under 29 U.S.C. § 1104(a)(1), a fiduciary must discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of providing benefits to participants and their beneficiaries; and (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a "prudent man acting in a like capacity" would use.

91. At all relevant times, Delta Dental acted as a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A) because it has discretionary authority or discretionary responsibility in the administration of the Plan.

92. The Delta Dental authored benefits booklets are part of the summary plan description.



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

93. A summary plan description must plainly, accurately, and comprehensively describe benefits under the plan. 29 U.S.C. § 1022 (a)

94. Delta Dental breached their fiduciary duty by failing to plainly, accurately, and comprehensively describe the out-of-network rate methodology in the benefit booklets.

95. Delta Dental breached their fiduciary duty by prioritizing protecting its own financial interests and proprietary fee schedules over the Plan’s beneficiaries.

96. Delta Dental breached their fiduciary duty by utilizing its discretionary authority over plan structure to further its own business interests in network recruitment. Delta Dental designed the plan to set out-of-network reimbursement rates that do not reflect actual customary charges or at levels below in-network reimbursement thereby using Plan administration as a tool to gain leverage over providers.

97. Delta Dental breached their fiduciary duty by failing to provide a Pre-Treatment estimate.

98. These breaches caused Pilloud irreparable harm by depriving him of the transparency required to manage his healthcare costs and by causing him to incur out-of-pocket expenses for standard dental care that should have reasonably been covered under a prudent application of the Plan's "Customary fee" standard.

99. The court should order Delta Dental to future-proof its Benefits Booklet and claims process to align with its fiduciary obligations, to include plainly describing a rate methodology in its benefits booklet and making rate tables available upon request.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

## VI. RELIEF

Pilloud requests this Court:

A) Find Delta Dental refused to supply requested information and award Statutory Damages of $208,120 as of June 1, 2026, plus $440 for each additional day until Delta Dental provides the information,

B) Enter an order compelling Delta Dental to provide all requested information,

C) Find Delta Dental abused their discretion by failing to pay benefits and order payment of the 12 claims under-reimbursed by a total of $1273.60, and similar subsequent claims,

D) Enter an order compelling Delta Dental to plainly describe a rate methodology calculated to reimburse reasonable dental fees in their Benefit Booklet,

E) Award Pilloud costs of this action,

F) Grant such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED THIS 1ST DAY OF JUNE 2026.

By: ______________________

Andrew Pilloud
Plaintiff, Pro Se
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777
andrew@pilloud.us