Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW PILLOUD,<br><br>Plaintiff,<br><br>v.<br><br>DELTA DENTAL OF CALIFORNIA,<br><br>Defendant. | Case No. 2:26-cv-01917-TL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S ERISA COMPLAINT** |

Defendant Delta Dental of California ("Defendant" or "Delta Dental"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Plaintiff Andrew Pilloud's ("Plaintiff" or "Pilloud") ERISA Complaint hereby states as follows:

## I. INTRODUCTION

**COMPLAINT ¶1:**

1. Andrew Pilloud brings this ERISA complaint against Delta Dental of California for failing to provide requested dental plan documents as required under ERISA and systematically under-reimbursing out-of-network dental claims.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "at all relevant times." Defendant Delta Dental of California ("Delta Dental" or "Defendant") admits that Plaintiff Andrew Pilloud ("Plaintiff") purports to bring an



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Defendant denies that it failed to provide any plan documents required to be furnished under ERISA, denies that it systematically or otherwise under-reimbursed out-of-network dental claims, and denies that Plaintiff is entitled to any relief. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 1.

## II. PARTIES

**COMPLAINT ¶2:**

2. Plaintiff Andrew Pilloud is a natural person, citizen of Washington State, and resides at 12544 Shorewood Ln SW, Burien, Washington 98146.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen." Delta Dental admits that, at certain times, Plaintiff has been a resident of Washington State and that Plaintiff resides at 12544 Shorewood Ln SW, Burien, Washington 98146.

**COMPLAINT ¶3:**

3. Pilloud is a participant, beneficiary, and claimant of the Google LLC Welfare Benefit Plan (hereinafter referred to as the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

**ANSWER:**

Delta Dental admits that Plaintiff is a participant in the Google LLC Welfare Benefit Plan (the "Plan"), an employee welfare benefit plan governed by ERISA. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 3**.**

**COMPLAINT ¶4:**

4. Pilloud is the Eligible Employee entitled to payment under the Plan for claims benefiting himself and his Spouse, Nora Capron. Enforcement of ERISA Plan benefits for those claims in Pilloud's personal capacity is proper. Fed. R. Civ. P. 17(a)(1)(F-G)



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Defendant admits that Plaintiff is the Eligible Employee under the Plan and that Nora Capron is his Spouse and a beneficiary under the Plan; Defendant denies each and every remaining allegation of Paragraph 4, including the allegations that Plaintiff is entitled to payment of the benefits claimed and that enforcement of such benefits in his personal capacity is proper, and further states that the allegations regarding Federal Rule of Civil Procedure 17(a)(1)(F)–(G) constitute legal conclusions to which no response is required, but to the extent a response is required, such allegations are denied.

**COMPLAINT ¶5:**

5. Defendant Delta Dental of California ("Delta Dental") is a California corporation with a principal place of business at 560 Mission St, Suite 1300, San Francisco, California 94105.

**ANSWER:**

Delta Dental admits the allegations in Paragraph 5.

**COMPLAINT ¶6:**

6. Delta Dental is the Plan's designated Dental Plan Claims Administrator.

**ANSWER:**

Delta Dental admits that it serves as the Dental Plan Claims Administrator with respect to the Plan, as set forth in and subject to the terms of the applicable Plan documents, which speak for themselves; except as so admitted, Delta Dental denies the allegations of Paragraph 6.

**COMPLAINT ¶7:**

7. Delta Dental is by the terms of the Plan a 29 U.S.C. §1002(16)(A) "administrator".

**ANSWER:**

Delta Dental denies that it is the "administrator" of the Plan within the meaning of 29 U.S.C. § 1002(16)(A), avers that the Plan documents speak for themselves as to the identity and



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

designation of the Plan administrator, and denies any allegation inconsistent with those documents.

**COMPLAINT ¶8:**

8. Google LLC ("Google") is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and on that basis denies them.

**COMPLAINT ¶9:**

9. Google is the Plan Sponsor and designated as Plan Administrator under the terms of the plan but not a Required Party to this action.

**ANSWER:**

Delta Dental avers that the Plan documents speak for themselves as to whether Google is the Plan Sponsor and designated Plan Administrator, and denies any allegation inconsistent with those documents. The allegation that Google is "not a Required Party to this action" states a legal conclusion to which no response is required; to the extent a response is required, Delta Dental lacks knowledge or information sufficient to form a belief about the truth of that allegation and on that basis denies it, and expressly reserves all rights under Federal Rules of Civil Procedure 12(b)(7) and 19 regarding joinder of necessary or indispensable parties.

## III. JURISDICTION

**COMPLAINT ¶10:**

10. This Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

**ANSWER:**

For the purposes of this litigation only, Delta Dental admits the allegations in Complaint Paragraph No. 10.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶11:**

11. Pilloud was employed by Google, and received the Plan covered dental benefits in King County, Washington during all relevant periods.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning "all times" as this term is undefined. Delta Dental admits that at certain times Plaintiff worked at Google, participated in the Plan and lived in King County, and denies any remaining allegations of Paragraph 11.

**COMPLAINT ¶12:**

12. Venue for this action lies properly within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), because the breach occurred in this District.

**ANSWER:**

Delta Dental does not dispute the venue and denies the remaining allegations of Paragraph 12.

**COMPLAINT ¶13:**

13. Pilloud has exhausted all available administrative remedies under ERISA.

**ANSWER:**

Delta Dental admits that Plaintiff exhausted available administrative remedies under ERISA and the terms of the Plan for those benefit claims noted in this Complaint..

## IV. FACTS

### A. The Plan Wrap

**COMPLAINT ¶14:**

14. The Plan is governed by a document titled GOOGLE LLC WELFARE BENEFIT PLA "WRAP" SUMMARY PLAN DESCRIPTION (the "WRAP").

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental admits that a document titled "Google LLC Welfare Benefit Plan 'Wrap' Summary Plan Description" exists and avers that the document speaks for itself as to its contents, terms, and legal effect; Delta Dental denies any characterization of that document inconsistent with its actual terms, and denies the remaining allegations of Paragraph 14.

**COMPLAINT ¶15:**

15. The WRAP designates Delta Dental as Claims Administrator.

**ANSWER:**

Delta Dental admits that it serves as the Dental Plan Claims Administrator under the Plan and avers that the WRAP and related Plan documents speak for themselves as to any such designation and its scope; except as so admitted, Delta Dental denies any characterization inconsistent with those documents and denies the remaining allegations of Paragraph 15.

**COMPLAINT ¶16:**

16. The WRAP grants discretionary authority to Delta Dental.

**ANSWER:**

Delta Dental avers that the WRAP and related Plan documents speak for themselves as to the nature, scope, and extent of any authority granted to Delta Dental, and denies any allegation inconsistent with the actual terms of those documents. To the extent Paragraph 16 states or implies a legal conclusion regarding the standard of review or the existence of discretionary authority, no response is required; to the extent a response is required, Delta Dental admits that the Plan documents confer upon it discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to dental claims.

**COMPLAINT ¶17:**

17. The WRAP incorporates the Benefits Booklets provided by Delta Dental.

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental avers that the WRAP and the Benefits Booklets speak for themselves as to their contents and as to whether and to what extent any such documents are incorporated, and denies any allegation inconsistent with the actual terms of those documents.

**B. The First Benefit Booklet**

**COMPLAINT ¶18:**

18. A document from Delta Dental titled "Combined Evidence of Coverage and Disclosure Form" (the "First Benefits Booklet") governed the Plan through July 31, 2025.

**ANSWER:**

Delta Dental admits that it issued a document titled "Combined Evidence of Coverage and Disclosure Form" and avers that the document speaks for itself as to its contents, terms, effective dates, and legal effect; Delta Dental denies any characterization inconsistent with the actual terms of that document, including any characterization of the period during which it "governed the Plan," and denies the remaining allegations of Paragraph 18.

**COMPLAINT ¶19:**

19. The First Benefits Booklet contains the following disclaimer on the second page:

> This Combined Evidence of Coverage/Disclosure Form constitutes only a summary of the dental plan. The dental Contract must be consulted to determine the exact terms and conditions of coverage.

**ANSWER:**

Delta Dental avers that the First Benefits Booklet speaks for itself as to its contents, including any quoted language and its placement, and respectfully refers the Court to that document for its complete and accurate terms; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that mischaracterizes, or is inconsistent with, the document as a whole.

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶20:**

20. The First Benefits Booklet provides the following definitions of Usual, Customary and Reasonable (UCR):

> A Usual fee is the amount which an individual dentist regularly charges and receives for a given service or the fee actually charged, whichever is less.
>
> A Customary fee is within the range of usual fees charged and received for a particular service by dentists of similar training in the same geographic area.
>
> A Reasonable fee schedule is reasonable if it is Usual and Customary. Additionally, a specific fee to a specific Enrollee is reasonable if it is justifiable considering special circumstances, or extraordinary difficulty of the case in question.

**ANSWER:**

Delta Dental avers that the First Benefits Booklet speaks for itself as to its definitions and complete terms, and respectfully refers the Court to that document for its full and accurate content; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that selectively quotes, mischaracterizes, or is inconsistent with the document read as a whole.

**COMPLAINT ¶21:**

21. The First Benefits Booklet provides the following relevant description of Covered Fees:

> Payment for services by a California dentist, or an out-of-state dentist, who is not a Delta Dental Dentist will be based on the applicable percentage of the lesser of the Fee Actually Charged, or the Customary Fee.

**ANSWER:**

Delta Dental avers that the First Benefits Booklet speaks for itself as to its description of Covered Fees and its complete terms, and respectfully refers the Court to that document for its full and accurate content; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that selectively quotes, mischaracterizes, or is inconsistent with the document read as a whole.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## C. The Second Benefit Booklet

**COMPLAINT ¶22:**

22. A document from Delta Dental titled "Employee Benefit Booklet" (the "Second Benefits Booklet") govern the Plan beginning August 1, 2025.

**ANSWER:**

Delta Dental admits that it issued a document titled "Employee Benefit Booklet" and avers that the document speaks for itself as to its contents, terms, effective dates, and legal effect; Delta Dental denies any characterization inconsistent with the actual terms of that document, including any characterization of the period during which it "govern[s] the Plan," and denies the remaining allegations of Paragraph 22.

**COMPLAINT ¶23:**

23. The Second Benefits Booklet contains the following disclaimer on the third page:

> The benefit explanations contained in this booklet are subject to all provisions of the Contract on file with your employer, trust fund, or other entity ("Contractholder") and do not modify the terms and conditions of the Contract in any way, nor shall you accrue any rights because of any statement in or omission from this booklet.

**ANSWER:**

Delta Dental avers that the Second Benefits Booklet speaks for itself as to its contents, including any quoted language and its placement, and respectfully refers the Court to that document for its complete and accurate terms; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that mischaracterizes, or is inconsistent with, the document read as a whole.

**COMPLAINT ¶24:**

24. The Second Benefits Booklet contains the following relevant definitions:

> **Maximum Contract Allowance**: the reimbursement under the Enrollee's benefit plan against which Delta Dental calculates its payment and the Enrollee's financial obligation. Subject to adjustment for extreme difficulty or unusual circumstances, the Maximum Contract Allowance for services provided: ... by a



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> Non-Delta Dental Provider is the lesser of the Provider's Submitted Fee or the Program Allowance.
>
> **Program Allowance**: the maximum amount Delta Dental will reimburse for a covered procedure. Delta Dental sets the Program Allowance for each procedure through a review of proprietary data by geographic area. The Program Allowance may vary by the contracting status of the Provider and/or the Program Allowance selected by the Contractholder.
>
> **Submitted Fee**: the amount that the Provider bills and enters on a claim for a specific procedure.

**ANSWER:**

Delta Dental avers that the Second Benefits Booklet speaks for itself as to its definitions and complete terms, and respectfully refers the Court to that document for its full and accurate content; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that selectively quotes, mischaracterizes, or is inconsistent with the document read as a whole.

**D. Initial Out-of-Network Claim, Record Requests, and Appeal**

**COMPLAINT ¶25:**

25. Pilloud has been regularly receiving dental care from Dr. William Kenner's Office ("Dr. Kenner") in Burien, Washington since January 9, 2019.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 concerning Plantiff's dental care history with Dr. Kenner, and on that basis denies them; except that, to the extent claims records in Delta Dental's possession reflect services submitted on Plaintiff's behalf by Dr. Kenner, Delta Dental refers to those records for their contents.

**COMPLAINT ¶26:**

26. Dr. Kenner left the Delta Dental network effective June 2, 2024.

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental admits that Dr. William Kenner is not a contracted Delta Dental network provider, and avers that its records speak for themselves as to when that became the case; except as so admitted, Delta Dental denies the remaining allegations of Paragraph 26.

**COMPLAINT ¶27:**

27. On June 5, 2024, Pilloud received covered dental services from Dr. Kenner.

**ANSWER:**

Delta Dental admits that a claim was submitted for dental services rendered to Plaintiff by Dr. Kenner on or about June 5, 2024, and avers that its claim records speak for themselves as to the services and their processing; Delta Dental denies that the services were "covered" except to the extent, and subject to the terms, conditions, exclusions, and limitations, provided under the Plan, and denies the remaining allegations of Paragraph 27.

**COMPLAINT ¶28:**

28. Dr. Kenner collected payment of $154.00 from Pilloud at the conclusion of the June 5, 2024 visit and submitted a claim to Delta Dental.

**ANSWER:**

Delta Dental admits that Dr. Kenner submitted a claim to Delta Dental in connection with the June 5, 2024 visit, and avers that its claim records speak for themselves as to the contents of that claim; Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegation that Dr. Kenner collected $154.00 from Plaintiff at the conclusion of the visit, and on that basis denies it, and denies the remaining allegations of Paragraph 28.

**COMPLAINT ¶29:**

29. Delta Dental sent Pilloud a June 13, 2024 reimbursement indicating "Accepted" Fees of $154.00 and "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $101.00 stating "The maximum contract allowance is the most your dental plan will pay for a service."



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental admits that it issued an Explanation of Benefits or similar statement dated on or about June 13, 2024 relating to the June 5, 2024 claim, and avers that the document speaks for itself as to its contents, figures, and quoted language; to the extent the quoted language and amounts are accurately reproduced, Delta Dental admits them, and denies any allegation that mischaracterizes, or is inconsistent with, the document read as a whole, as well as the remaining allegations of Paragraph 29.

**COMPLAINT ¶30:**

30. On July 3, 2024, Delta Dental received the following request from Pilloud:

> Please disclose (1) the "Customary Fee" tables for Diagnostic and Preventative services, including but not limited to billing code D1110, in the geographic area covering "Burien, WA 98166". Additionally please disclose (2) a description of the geographic area the table covers, (3) a description of each category of "dentists of similar training", (4) the methodology used to calculate the rates including but not limited to the source and age of the data.

**ANSWER:**

Delta Dental admits that it received a written communication from Plaintiff on or about July 3, 2024, and avers that the communication speaks for itself as to its contents; to the extent the quoted language is accurately reproduced, Delta Dental admits it, and denies any allegation that mischaracterizes, or is inconsistent with, the communication read as a whole, as well as the remaining allegations of Paragraph 30.

**COMPLAINT ¶31:**

31. On August 6, 2024, Pilloud filed a complaint with the U. S. Department of Labor.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 concerning whether or when Plaintiff filed a complaint with the U.S. Department of Labor, and on that basis denies them.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶32:**

32. On September 4, 2024, Pilloud received an undated document on Delta Dental letterhead via the U.S. Department of Labor captioned "Fees for Dr. William Kenner", "Burian, Washington 98166" containing a table of 30 Procedure Codes from D0120 through D9951 and Value in dollars, and the following description:

> This schedule is being released in response to DOL inquiry with Google, solely for the purpose of assisting Mr. Andrew Pilloud in determining his reimbursements should he choose to continue to see Dr. Kenner. This schedule is not intended for released outside of this inquiry. This information is considered confidential and proprietary.

**ANSWER:**

Delta Dental admits that it produced a document containing a schedule of fees relating to Dr. William Kenner in connection with the U.S. Department of Labor inquiry, and avers that the document speaks for itself as to its caption, contents, formatting, and quoted language; to the extent the quoted language is accurately reproduced, Delta Dental admits it. Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning when or how Plaintiff received the document, and on that basis denies them, and denies any allegation that mischaracterizes, or is inconsistent with, the document read as a whole.

**COMPLAINT ¶33:**

33. The September 4, 2024 document contained no description of the geographic area, dentist training, or methodology used to calculate the rates.

**ANSWER:**

Delta Dental avers that the document referenced in Paragraph 33 speaks for itself as to its complete contents, and respectfully refers the Court to that document; to the extent Paragraph 33 characterizes the presence or absence of particular content, and to the extent that characterization is inconsistent with the document read as a whole, Delta Dental denies it, and denies the remaining allegations of Paragraph 33.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶34:**

34. Delta Dental sent Pilloud a letter dated September 16, 2024 indicating reimbursement for the June 05, 2024 cleaning was based on the customary fee of $101.00 and confirmed Delta Dental was upholding the processing of the claim as benefits administrator.

**ANSWER:**

Delta Dental admits that it sent Plaintiff a letter dated on or about September 16, 2024 concerning the June 5, 2024 claim, and avers that the letter speaks for itself as to its contents and legal effect; to the extent the allegations of Paragraph 34 are consistent with the letter, they are admitted, and Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, the letter read as a whole, as well as the remaining allegations of Paragraph 34.

**COMPLAINT ¶35:**

35. On October 28, 2024, Pilloud purchased the FAIR Health RV Dental Module published by Optum ("FAIR Health Data"), a commercially available benchmark of dental billings.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35, and on that basis denies them.

**COMPLAINT ¶36:**

36. On November 22, 2024, Pilloud sent an appeal of the June 5, 2024 claim to Delta Dental citing the FAIR Health Data and previous in-network claims from Dr. Kenner with higher reimbursement amounts for the same procedures.

**ANSWER:**

Delta Dental admits that it received a written appeal from Plaintiff on or about November 22, 2024 concerning the June 5, 2024 claim, and avers that the appeal speaks for itself as to its contents and the materials cited therein; to the extent the allegations of Paragraph 36 are consistent with that document, they are admitted, and Delta Dental denies any allegation that



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

mischaracterizes, or is inconsistent with, the appeal read as a whole, as well as the remaining allegations of Paragraph 36.

**<u>COMPLAINT ¶37:</u>**

37. Delta Dental sent Pilloud a February 6, 2025 reimbursement paying the June 5, 2024 claim in full with notes: "We received additional documentation." and "This service was paid based on how your dental plan is designed."

**<u>ANSWER:</u>**

Delta Dental admits that it issued a statement dated on or about February 6, 2025 relating to the June 5, 2024 claim, and avers that the document speaks for itself as to its contents, figures, and quoted language; to the extent the quoted language and the allegation that the claim was paid in full are accurately reproduced and consistent with that document, they are admitted, and Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, the document read as a whole, as well as the remaining allegations of Paragraph 37.

**E. Second and Third Claim, Second Appeal**

**<u>COMPLAINT ¶38:</u>**

38. On October 28, 2024, Pilloud received covered dental services from Dr. Kenner.

**<u>ANSWER:</u>**

Delta Dental admits that a claim was submitted for dental services rendered to Plaintiff by Dr. Kenner on or about October 28, 2024, and avers that its claim records speak for themselves as to the services and their processing; Delta Dental denies that the services were "covered" except to the extent, and subject to the terms, conditions, exclusions, and limitations, provided under the Plan, and denies the remaining allegations of Paragraph 38.

**<u>COMPLAINT ¶39:</u>**

39. Dr. Kenner collected payment of $412.00 from Pilloud at the conclusion of the October 28, 2024 visit and submitted a claim to Delta Dental.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental admits that Dr. Kenner submitted a claim to Delta Dental in connection with the October 28, 2024 visit, and avers that its claim records speak for themselves as to the contents of that claim; Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegation that Dr. Kenner collected $412.00 from Plaintiff at the conclusion of the visit, and on that basis denies it, and denies the remaining allegations of Paragraph 39.

**COMPLAINT ¶40:**

40. Delta Dental sent Pilloud a November 7, 2024 reimbursement, similar to the June 13, 2024 statement, indicating "Accepted" Fees of $412.00 and "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $311.00.

**ANSWER:**

Delta Dental admits that it issued a statement dated on or about November 7, 2024 relating to the October 28, 2024 claim, and avers that the document speaks for itself as to its contents, figures, and quoted language; to the extent the quoted language and amounts are accurately reproduced, Delta Dental admits them, and denies any allegation that mischaracterizes, or is inconsistent with, the document read as a whole, including the characterization that it is "similar to" any other statement, as well as the remaining allegations of Paragraph 40**.**

**COMPLAINT ¶41:**

41. Each visit since June 5, 2024 by Pilloud or his spouse repeat the same fact pattern: Dr. Kenner collects payment in full at the conclusion of the visit and submits a claim to Delta Dental. Delta Dental then provides a partial reimbursement to Pilloud citing "Maximum Contract Allowance" and Pilloud timely files an appeal citing the FAIR Health Data.

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental admits that, following certain visits to Dr. Kenner, claims were submitted to Delta Dental and Delta Dental reimbursed Plaintiff in amounts determined in accordance with the terms of the. Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning payments collected by Dr. Kenner at the conclusion of each visit, and on that basis denies them. Delta Dental denies that the generalized "same fact pattern" allegation accurately and completely describes each individual claim, appeal, or reimbursement, denies any allegation inconsistent with its records and the Plan terms, and denies the remaining allegations of Paragraph 41.

**COMPLAINT ¶42:**

42. On May 2, 2025, Pilloud submitted his second appeal making substantially the same argument around the FAIR Health Data as the November 22, 2024 appeal, covering both his and Spouse's claims under the Plan.

**ANSWER:**

Delta Dental admits that it received a written appeal from Plaintiff on or about May 2, 2025, and avers that the appeal speaks for itself as to its contents, arguments, and the claims it addresses; to the extent the allegations of Paragraph 42 are consistent with that document, they are admitted, and Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, the appeal read as a whole, as well as the remaining allegations of Paragraph 42.

**COMPLAINT ¶43:**

43. Delta Dental rendered a final decision on case APP-414394 on June 4, 2025.

**ANSWER:**

Delta Dental admits that it rendered a final appeal decision in case APP-414394 on or about June 4, 2025, and avers that the written decision speaks for itself as to its contents, findings, and legal effect; Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, that decision.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶44:**

44. The June 4, 2025 decision acknowledged receiving Pilloud's argument regarding the FAIR Health Data, found the claims processed in accordance with the Plan guidelines, but provided no justification of the applied fee schedule or rebuttal of the data.

**ANSWER:**

Delta Dental avers that the June 4, 2025 decision referenced in Paragraph 44 speaks for itself as to its complete contents, findings, and reasoning, and respectfully refers the Court to that document; to the extent the allegations of Paragraph 44 are consistent with that decision, they are admitted, including that the decision found the claims were processed in accordance with the Plan's terms. Delta Dental denies the remaining allegations of Paragraph 44.

**COMPLAINT ¶45:**

45. Delta Dental rendered a final decision case APP-410190 on June 19, 2025.

**ANSWER:**

Delta Dental admits that it rendered a final appeal decision in case APP-410190 on or about June 19, 2025, and avers that the written decision speaks for itself as to its contents, findings, and legal effect; Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, that decision.

**COMPLAINT ¶46:**

46. The June 19, 2025 decision acknowledged receiving Pilloud's argument regarding the FAIR Health Data, found the claims not denied, and provided no justification of the applied fee schedule or rebuttal of the FAIR Health Data.

**ANSWER:**

Delta Dental avers that the June 19, 2025 decision referenced in Paragraph 46 speaks for itself as to its complete contents, findings, and reasoning, and respectfully refers the Court to that document; to the extent the allegations of Paragraph 46 are consistent with that decision, they are admitted, including that the decision found the claims at issue were not denied. Delta Dental



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

denies the remaining allegations of Paragraph 46.

**COMPLAINT ¶47:**

47. On September 17, 2025, Pilloud provided notice via a letter to Delta Dental of his intent to file this action, requesting records be preserved, and reasserting records requests.

**ANSWER:**

Delta Dental admits that it received a letter from Plaintiff dated on or about September 17, 2025, and avers that the letter speaks for itself as to its contents; to the extent the allegations of Paragraph 47 are consistent with that letter, they are admitted, and Delta Dental denies any allegation that mischaracterizes, or is inconsistent with, the letter read as a whole, as well as the remaining allegations of Paragraph 47.

**COMPLAINT ¶48:**

48. In response to Pilloud's September 17, 2025 letter, Delta Dental provided copies of its previous letters, but no new documents.

**ANSWER:**

Delta Dental admits that it responded to Plaintiff's September 17, 2025 letter, and avers that its response speaks for itself as to its contents; Delta Dental denies the characterization that its response provided "no new documents" to the extent that characterization is inconsistent with its actual response, and denies any remaining allegation that it failed to satisfy any applicable obligation to preserve or produce records.

**F. Subsequent Claims and Appeals**

**COMPLAINT ¶49:**

49. On October 24, 2025, Pilloud sent a request for Pre-Treatment estimate for an appointment on November 17, 2025.

**ANSWER:**

Delta Dental admits that it received a request from Plaintiff on or about October 24, 2025, and avers that the request speaks for itself as to its contents; to the extent the allegations of



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Paragraph 49 are consistent with that request, they are admitted, and Delta Dental denies any remaining allegations of Paragraph 49.

**COMPLAINT ¶50:**

50. Delta Dental failed to respond to Pilloud's October 24, 2025 letter.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 50.

**COMPLAINT ¶51:**

51. On January 15, 2026, Pilloud sent Delta Dental an appeal.

**ANSWER:**

Delta Dental admits that it received a communication from Plaintiff on or about January 15, 2026, and avers that the communication speaks for itself as to its contents and characterization; to the extent the allegations of Paragraph 51 are consistent with that communication, they are admitted, and Delta Dental denies any remaining allegations of Paragraph 51.

**COMPLAINT ¶52:**

52. Delta Dental failed to respond to the January 15, 2026 appeal.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 52.

**COMPLAINT ¶53:**

53. On April 13, 2026, Pilloud sent Delta Dental an appeal.

**ANSWER:**

Delta Dental admits that it received a communication from Plaintiff on or about April 13, 2026, and avers that the communication speaks for itself as to its contents and characterization; to the extent the allegations of Paragraph 53 are consistent with that communication, they are admitted, and Delta Dental denies any remaining allegations of Paragraph 53.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶54:**

54. Delta Dental rendered a substantially identical final decision on the April 13, 2026 appeal in a case APP-683306 dated May 15, 2026.

**ANSWER:**

Delta Dental admits that it rendered a final decision in case APP-683306 dated on or about May 15, 2026, and avers that the decision speaks for itself as to its contents, findings, and legal effect; Delta Dental denies the characterization that the decision was "substantially identical" to any other decision, and denies any remaining allegations of Paragraph 54.

**COMPLAINT ¶55:**

55. Pilloud and his Spouse continue to regularly see Dr. Kenner.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55 concerning whether Plaintiff and his Spouse continue to see Dr. Kenner, and on that basis denies them.

**COMPLAINT ¶56:**

56. As of filing a total of 12 claims have been under-reimbursed by $1273.60.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 56.

## V. CLAIMS

### A. Count One Through Four – Damages for Administrator's Refusal to Supply Request Information Under 29 U.S.C. § 1132

**COMPLAINT ¶57:**

57. In the pertinent part, 29 U.S.C. § 1132(a)(3) provides for civil action by a participant or beneficiary:

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

**ANSWER:**

The allegations of Paragraph 57 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, and denies any allegation that mischaracterizes the statute or suggests that Delta Dental has violated it or that Plaintiff is entitled to any relief thereunder.

**COMPLAINT ¶58:**

58. Under 29 U.S.C. § 1132(c)(1)(B):

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to ... a beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the ... beneficiary within 30 days after such request is liable up to $110 per day from the date of the failure.

**ANSWER:**

The allegations of Paragraph 58 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, denies that it is an "administrator" subject to liability under 29 U.S.C. § 1132(c)(1)(B), denies that it failed or refused to comply with any request for information it was required by the subchapter to furnish, and denies any allegation that mischaracterizes the statute or suggests that Plaintiff is entitled to any relief thereunder.

**COMPLAINT ¶59:**

59. In the pertinent part, 29 U.S.C. § 1024(b)(4) sets forth:

The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

**ANSWER:**

The allegations of Paragraph 59 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, denies that it is the "administrator" subject to the obligations set forth in 29 U.S.C. § 1024(b)(4), and denies any allegation that mischaracterizes the statute or suggests that Delta Dental has violated it or that Plaintiff is entitled to any relief thereunder.

**COMPLAINT ¶60:**

60. The methodology to calculate reimbursement rates is an instrument under which the plan is operated. Department of Labor Advisory Opinion 1996-14A

**ANSWER:**

The allegations of Paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, Delta Dental denies that its rate-calculation methodology constitutes an "instrument under which the plan is established or operated" within the meaning of 29 U.S.C. § 1024(b)(4), avers that Department of Labor Advisory Opinion 1996-14A speaks for itself and is not binding authority establishing any such obligation, denies any allegation that mischaracterizes that opinion or the statute, and denies that Delta Dental was required to disclose such methodology or that Plaintiff is entitled to any relief.

**COMPLAINT ¶61:**

61. The "Program Allowance and Administrative Services Contract are incorporated by reference in the Benefits Booklet, which is incorporated by reference in the summary plan description, subjecting them to disclosure both as part of the summary plan description and instruments under which the plan is operated.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

The allegations of Paragraph 61 state legal conclusions to which no response is required. To the extent a response is required, Delta Dental avers that the Benefits Booklet, summary plan description, and any related contracts speak for themselves as to their contents and any incorporation by reference, and denies any characterization inconsistent with those documents. Delta Dental denies that the Program Allowance data or the Administrative Services Contract constitutes a document subject to disclosure under 29 U.S.C. § 1024(b)(4), denies that it was required to disclose such materials, and denies the remaining allegations of Paragraph 61.

**COMPLAINT ¶62:**

62. The Plan's selected reimbursement allowance is an instrument under which the plan is operated and information necessary for Pilloud to enforce his rights under the Plan.

**ANSWER:**

The allegations of Paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, Delta Dental denies that the Plan's selected reimbursement allowance constitutes an "instrument under which the plan is established or operated" within the meaning of 29 U.S.C. § 1024(b)(4), denies that it was required to disclose such information, and denies the remaining allegations of Paragraph 62.

**COMPLAINT ¶63:**

63. Pilloud made a request to Delta Dental on July 3, 2024 for "methodology used to calculate the rates".

**ANSWER:**

Delta Dental admits that it received a written communication from Plaintiff on or about July 3, 2024 that included the quoted language, and avers that the communication speaks for itself as to its complete contents; except as so admitted, Delta Dental denies the remaining allegations of Paragraph 63, including any allegation that it was required to furnish the requested information.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶64:**

64. Pilloud made a request to Delta Dental on November 22, 2024 for "Copies of full, non-summary, plan documents, trust agreements, and contracts".

**ANSWER:**

Delta Dental admits that it received a written communication from Plaintiff on or about November 22, 2024 that included the quoted language, and avers that the communication speaks for itself as to its complete contents; except as so admitted, Delta Dental denies the remaining allegations of Paragraph 64, including any allegation that it was the administrator required to furnish the requested documents.

**COMPLAINT ¶65:**

65. Pilloud made a request to Delta Dental on December 10, 2024 for "A full copy of the administrative record"

**ANSWER:**

Delta Dental admits that it received a written communication from Plaintiff on or about December 10, 2024 that included the quoted language, and avers that the communication speaks for itself as to its complete contents; except as so admitted, Delta Dental denies the remaining allegations of Paragraph 65, including any allegation that it failed to furnish materials it was required to furnish.

**COMPLAINT ¶66:**

66. Pilloud made a request to Delta Dental on October 24, 2025 for "(1) Program Allowance selected by the Contractholder, (2) the new Dental Summary Plan Document, (3) the 'contract on file'".

**ANSWER:**

Delta Dental admits that it received a written communication from Plaintiff on or about October 24, 2025 that included the quoted language, and avers that the communication speaks for itself as to its complete contents; except as so admitted, Delta Dental denies the remaining



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

allegations of Paragraph 66, including any allegation that it was required to furnish the requested items.

**COMPLAINT ¶67:**

67. The requested documents are in Delta Dental's possession.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 67 as stated, and avers that the extent to which any particular requested document or information is within its possession, custody, or control varies by item; Delta Dental further denies that it is the administrator required to furnish such documents under 29 U.S.C. § 1024(b)(4) and denies that it withheld any document or information it was required by the subchapter to produce.

**COMPLAINT ¶68:**

68. Delta Dental received each of the above requests multiple times from Pilloud.

**ANSWER:**

Delta Dental admits that it received written communications from Plaintiff containing certain of the requests described above, and avers that its records speak for themselves as to what communications were received and when; except as so admitted, Delta Dental denies the allegations of Paragraph 68, including the characterization that "each" request was received "multiple times."

**COMPLAINT ¶69:**

69. Delta Dental failed to provide the documents Pilloud requested.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 69, and avers that it furnished all documents and information that it was required by ERISA and the terms of the Plan to furnish, and that any document or information not provided was not one that Delta Dental, in its capacity as claims administrator, was required to produce.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶70:**

70. Delta Dental has intentionally in bad faith refused to provide the documents.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 70.

**COMPLAINT ¶71:**

71. Failure to provide the documents has prejudiced Pilloud's ability to perfect his appeal.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 71.

**COMPLAINT ¶72:**

72. The court should find each of the four requests constitute a distinct count and that Delta Dental is separately liable for $110 per day starting from the lapse of each request's 30-day statutory deadline until Delta Dental has fulfilled its document production obligations associated with each respective request.

**ANSWER:**

The allegations of Paragraph 72 state legal conclusions and a prayer for relief to which no response is required. To the extent a response is required, Delta Dental denies that it is liable for any statutory penalty under 29 U.S.C. § 1132(c) or otherwise, denies that it is the "administrator" subject to such liability, denies that any statutory deadline lapsed, denies that Plaintiff is entitled to the relief requested in Paragraph 72 or to any relief whatsoever, and denies the remaining allegations of Paragraph 72.

**B. Count Five – Injunctive Relief Under 29 U.S.C. § 1132(A)(3) Compelling Delta Dental to Provide Requested Documents**

**COMPLAINT ¶73:**

73. In the pertinent part, 29 C.F.R. § 2560.503-1(h)(2)(iii) states a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents,



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

records, and other information relevant to the claimant's claim for benefits.

**ANSWER:**

The allegations of Paragraph 73 purport to quote and characterize a regulation that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited regulation for its complete and accurate terms, denies any allegation that mischaracterizes the regulation, and denies that it failed to comply with any obligation thereunder or that Plaintiff is entitled to any relief.

**COMPLAINT ¶74:**

74. As described above, Delta Dental is refusing to provide plan documents to Pilloud as required under ERISA, causing Pilloud irreparable harm. Monetary damages are inadequate substitute for Pilloud's right to information, to know exactly where he stands with respect to the plan and what benefits he may be entitled to.

**ANSWER:**

Delta Dental incorporates by reference its responses to the foregoing paragraphs as though fully set forth herein. Delta Dental denies that it is refusing to provide any plan documents it is required under ERISA to provide, denies that it has caused Plaintiff any harm, irreparable or otherwise, denies that Plaintiff lacks an adequate remedy at law, denies that Plaintiff is entitled to injunctive or any other equitable relief under 29 U.S.C. § 1132(a)(3), and denies the remaining allegations of Paragraph 74.

**COMPLAINT ¶75:**

75. Delta Dental suffers no harm complying with its statutory mandate.

**ANSWER:**

The allegations of Paragraph 75 state a legal conclusion to which no response is required. To the extent a response is required, Delta Dental denies that it has failed to comply with any statutory mandate, denies the characterization of any "statutory mandate" as alleged, and denies the remaining allegations of Paragraph 75.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶76:**

76. The court should grant injunctive relief and order Delta Dental to disclose all requested plan documents that that provide Pilloud with information about benefits he is entitled to under the Plan, or are relevant to his claim.

**ANSWER:**

The allegations of Paragraph 76 state a prayer for relief and legal conclusions to which no response is required. To the extent a response is required, Delta Dental denies that Plaintiff is entitled to injunctive relief or to any other relief, denies that it has failed to disclose any document it was required to produce, and denies the remaining allegations of Paragraph 76.

**C. Count Six – Enforcement Under 29 U.S.C. § 1132 for Failure to Pay ERISA Plan Benefits and Clarify Future Benefits**

**COMPLAINT ¶77:**

77. In the pertinent part, 29 U.S.C. 1132(a)(1) (B) provides for a participant or beneficiaries to bring civil action:

to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

**ANSWER:**

The allegations of Paragraph 77 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, and denies any allegation that mischaracterizes the statute or suggests that Delta Dental has violated it or that Plaintiff is entitled to any relief thereunder.

**COMPLAINT ¶78:**

78. Delta Dental's decision is contrary to the Plan's plan language, as Dr. Kenner's fees are well "within the range of usual fees charged" per the FAIR Health Data.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental denies the allegations of Paragraph 78.

**COMPLAINT ¶79:**

79. Delta Dental's partial payment of Pilloud's claim is a partial denial and an adverse benefit determination as defined in 29 C.F.R. § 2560.503-1(m)(4)(i) entitling Pilloud to a full and fair review under 29 U.S.C. § 1133 (2) and 29 C.F.R. § 2560.503-1(h)(2).

**ANSWER:**

The allegations of Paragraph 79 purport to characterize statutes and regulations that speak for themselves and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited authorities for their complete and accurate terms, admits that Plaintiff was entitled to and was afforded a full and fair review of his claims in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, and denies any allegation that it failed to provide such review or that mischaracterizes the cited authorities, as well as the remaining allegations of Paragraph 79.

**COMPLAINT ¶80:**

80. Delta Dental abused their discretion and denied Pilloud a full and fair review by failing to timely provide plan documents and evidence used in the determination, this evidence being necessary for Pilloud to perfect his appeals. 503-1(h)(2)(iii)

**ANSWER:**

Delta Dental denies the allegations of Paragraph 80.

**COMPLAINT ¶81:**

81. Delta Dental abused their discretion and denied Pilloud a full and fair review by failing to engage with Pilloud's argument, provide any explanation for their contrary reimbursement, ignoring his FAIR Health Data rate study, and replying with substantially identical form letters encouraging the use of in-network dentists. 503-1(h)(2)(iv)



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**ANSWER:**

Delta Dental denies the allegations of Paragraph 81.

**COMPLAINT ¶82:**

82. Delta Dental abused their discretion when they failed to engage in a meaningful dialogue with Pilloud and by rejecting his appeal without adequate explanation.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 82.

**COMPLAINT ¶83:**

83. Delta Dental's reliance on their proprietary reimbursement rate without explaining the rate renders the decision arbitrary and capricious.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 83.

**COMPLAINT ¶84:**

84. Per the FAIR Health Data, Delta Dental's reimbursement rates are below 50th percentile and Dr. Kenner's rates are approximately 50th percentile.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 84 concerning the content of the FAIR Health Data, and on that basis denies them; Delta Dental further denies that the FAIR Health Data establishes the reimbursable amount for any claim, is controlling under the terms of the Plan, or renders its reimbursement determinations improper, and denies the remaining allegations of Paragraph 84.

**COMPLAINT ¶85:**

85. Delta Dental's calculated reimbursement rates are inconsistent with Plan terms.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 85.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶86:**

86. Delta Dental abused their discretion, breached their fiduciary duty, and acted arbitrarily and capriciously by failing to provide any document or a definitive statement defining the “Program Allowance selected by the Contractholder.” in the Second Benefit Booklet.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 86.

**COMPLAINT ¶87:**

87. The terms of the Plan require Pilloud be reimbursed in full for Dr. Kenner’s billed rates, with the exception of deductibles, coinsurance, and procedure limitations explicitly enumerated in the Benefits Booklet.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 87.

**COMPLAINT ¶88:**

88. Pilloud continues to see Dr. Kenner for dental services. Delta Dental’s failure to fully pay benefits is causing Pilloud irreparable harm. Monetary damages are inadequate substitute for Pilloud’s ongoing right to full reimbursement under the Plan.

**ANSWER:**

Delta Dental lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff continues to see Dr. Kenner, and on that basis denies it. Delta Dental denies the remaining allegations of Paragraph 88.

**COMPLAINT ¶89:**

89. The court should grant Pilloud monetary damages for past under-reimbursed claims and injunctive relief ordering Delta Dental to fully reimburse reasonable future claims.

**ANSWER:**

The allegations of Paragraph 89 state a prayer for relief to which no response is required. To the extent a response is required, Delta Dental denies that Plaintiff is entitled to monetary



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

damages, injunctive relief, or any other relief whatsoever, and denies the remaining allegations of Paragraph 89.

### D. Count Seven – Equitable Relief Under 29 U.S.C. § 1132 for Breach of Fiduciary Duty

**COMPLAINT ¶90:**

90. Under 29 U.S.C. § 1104(a)(1), a fiduciary must discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of providing benefits to participants and their beneficiaries; and (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a "prudent man acting in a like capacity" would use.

**ANSWER:**

The allegations of Paragraph 90 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, and denies any allegation that mischaracterizes the statute or suggests that Delta Dental has violated it or that Plaintiff is entitled to any relief thereunder.

**COMPLAINT ¶91:**

91. At all relevant times, Delta Dental acted as a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A) because it has discretionary authority or discretionary responsibility in the administration of the Plan.

**ANSWER:**

The allegations of Paragraph 91 state legal conclusions to which no response is required. To the extent a response is required, Delta Dental admits that it exercises discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to dental claims, and that it acts as a fiduciary solely to the extent it exercises such discretionary authority; except as so admitted, Delta Dental denies that it is a fiduciary with respect to any act or function



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

alleged in the Complaint that does not involve the exercise of such discretionary authority, and denies the remaining allegations of Paragraph 91.

**COMPLAINT ¶92:**

92. The Delta Dental authored benefits booklets are part of the summary plan description.

**ANSWER:**

The allegations of Paragraph 92 state legal conclusions to which no response is required. To the extent a response is required, Delta Dental avers that the benefits booklets, the summary plan description, and related Plan documents speak for themselves as to their contents, status, and any incorporation, and denies any characterization inconsistent with those documents, as well as the remaining allegations of Paragraph 92.

**COMPLAINT ¶93:**

93. A summary plan description must plainly, accurately, and comprehensively describe benefits under the plan. 29 U.S.C. § 1022 (a)

**ANSWER:**

The allegations of Paragraph 93 purport to quote and characterize a statute that speaks for itself and state legal conclusions to which no response is required. To the extent a response is required, Delta Dental respectfully refers the Court to the cited statute for its complete and accurate terms, and denies any allegation that mischaracterizes the statute or suggests that Delta Dental has violated it.

**COMPLAINT ¶94:**

94. Delta Dental breached their fiduciary duty by failing to plainly, accurately, and comprehensively describe the out-of-network rate methodology in the benefit booklets.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 94.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶95:**

95. Delta Dental breached their fiduciary duty by prioritizing protecting its own financial interests and proprietary fee schedules over the Plan's beneficiaries.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 95.

**COMPLAINT ¶96:**

96. Delta Dental breached their fiduciary duty by utilizing its discretionary authority over plan structure to further its own business interests in network recruitment. Delta Dental designed the plan to set out-of-network reimbursement rates that do not reflect actual customary charges or at levels below in-network reimbursement thereby using Plan administration as a tool to gain leverage over providers.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 96.

**COMPLAINT ¶97:**

97. Delta Dental breached their fiduciary duty by failing to provide a Pre-Treatment estimate.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 97.

**COMPLAINT ¶98:**

98. These breaches caused Pilloud irreparable harm by depriving him of the transparency required to manage his healthcare costs and by causing him to incur out-of-pocket expenses for standard dental care that should have reasonably been covered under a prudent application of the Plan's "Customary fee" standard.

**ANSWER:**

Delta Dental denies the allegations of Paragraph 98.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶99:**

99. The court should order Delta Dental to future-proof its Benefits Booklet and claims process to align with its fiduciary obligations, to include plainly describing a rate methodology in its benefits booklet and making rate tables available upon request.

**ANSWER:**

The allegations of Paragraph 99 state a prayer for relief to which no response is required. To the extent a response is required, Delta Dental denies the allegations of Paragraph 99.

## VI. RELIEF

Pilloud requests this Court:

A) Find Delta Dental refused to supply requested information and award Statutory Damages of $208,120 as of June 1, 2026, plus $440 for each additional day until Delta Dental provides the information,

B) Enter an order compelling Delta Dental to provide all requested information,

C) Find Delta Dental abused their discretion by failing to pay benefits and order payment of the 12 claims under-reimbursed by a total of $1273.60, and similar subsequent claims,

D) Enter an order compelling Delta Dental to plainly describe a rate methodology calculated to reimburse reasonable dental fees in their Benefit Booklet,

E) Award Pilloud costs of this action,

F) Grant such other and further relief as this Court may deem just and proper.

**ANSWER:**

This is a prayer for relief to which no responses are required. To the extent responses are required, Defendant denies that Plaintiff has any colorable claims whatsoever, has suffered any injury, or is entitled to any damages.

///

///



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Below are Defendant's affirmative and other defenses. By setting forth these affirmative and other defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Defendant reserves the right to amend or supplement their affirmative and other defenses.

1. Plaintiff's claims, in whole or in part, fail to state claims upon which relief can be granted as a matter of fact and law.

2. Plaintiff's Complaint, and each and every cause of action alleged therein, in whole or in part are barred, because Plaintiff has failed to satisfy certain conditions precedent.

3. Plaintiff's request for damages is barred because Delta Dental did not breach any duty owed to Plaintiff.

4. Plaintiff's claim is barred by the terms, conditions, and obligations of the Plan incorporated by reference into the Complaint.

5. Plaintiff's request for damages is barred because Defendant fully has performed, satisfied, and/or discharged all of its duties and/or obligations under the policy.

6. Plaintiff's claims, to the extent that they are based upon representations made outside the applicable written agreements, are barred by the parol evidence rule.

7. Plaintiff's request for damages is barred because Delta Dental made a good faith effort to comply with the terms and conditions of the policy, and acted in good faith regarding the Plan's terms and conditions, and the law, at all times.

8. Plaintiff's claims are barred, or any damages recovered must be reduced, by the doctrines of accord and satisfaction, payment, unjust enrichment, laches, waiver and estoppel, and Plaintiff's unclean hands.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered the injury or damages alleged, or any other injury or damages.

10. Plaintiff's damages, if any, would amount to an unjust enrichment.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

11. Any damages sustained by Plaintiff, which are expressly denied, were, either wholly or in part, proximately caused by and/or contributed to by the fault of others, including, but not limited to Plaintiff, over which Delta Dental has no control, whether that fault be the proximate result of conduct or a contractual breach for which Delta Dental is not liable. Said conduct or breach bars recovery against Delta Dental or comparatively reduces its percentage of fault, if any, which fault is denied.

12. To the extent Plaintiff seeks exemplary or punitive damages, Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action. If it should be determined that Plaintiff's claim for punitive damages is applicable in this action, such application would constitute a violation of Delta Dental's Constitutional rights pursuant to Article I Section 10, Article IV Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and any applicable State constitution.

13. Defendant reserves the right to amend its answer to state additional affirmative and other defenses, to delete or withdraw defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant hereby prays as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
2. That Plaintiff take nothing by way of relief requested against Defendant;
3. That Defendant be awarded reasonable attorney fees and costs against Plaintiff in defending this action; and
4. That the Court award such additional and further relief to Defendant as may be just and equitable under the circumstances.



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

DATED September 30, 2026

SEYFARTH SHAW LLP
*Attorney for Defendant Delta Dental of California*

By *___/s/ Lauren Nelson___*
Lauren Nelson, WSBA #61995
lenelson@seyfarth.com
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4910

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the document to which this Certificate of Service is attached to be served in the manner as indicated below:

**DEFENDANT'S ANSWER TO PLAINTIFF'S ERISA COMPLAINT**

Andrew Pilloud
Plaintiff, *Pro Se*
12544 Shorewood Lane SW
Burien, WA 98146
T: (206) 279-2777
andrew@pilloud.us

☐ Via Legal Messenger
☐ Via U.S. Mail, postage prepaid
☐ Via Federal Express
☐ Via Facsimile
☐ Via Electronic Mail
☒ Via Court ECF

Declared under penalty of perjury under the laws of the State of Washington.

DATED September 30, 2026 at Seattle, Washington.

*/s/ Greta Nelson*
Greta Nelson, Legal Assistant
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 946-4910
gnelson@seyfarth.com