**United States District Court**

**Western District of Washington**

**Seattle Division**

| | |
|---|---|
| Andrew Pilloud,<br>Plaintiff,<br>vs.<br>Delta Dental of California; Google LLC; and the Administrative Committee of the Google LLC Welfare Benefit Plan,<br>Defendants. | No. 2:26-cv-01917-TL<br><br>**FIRST AMENDED ERISA COMPLAINT** |

Plaintiff Andrew Pilloud avers as follows.

## I. INTRODUCTION

1. Andrew Pilloud brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Delta Dental of California systematically under-reimburses out-of-network dental claims under the Google LLC Welfare Benefit Plan. Delta Dental and the


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

Plan Administrator have refused to disclose the rates, methodology, and plan instruments that determine those reimbursements.

## II. PARTIES

2. Plaintiff Andrew Pilloud is a natural person, a citizen of Washington State, and resides at 12544 Shorewood Ln SW, Burien, Washington 98146.

3. Pilloud is a participant in the Google LLC Welfare Benefit Plan, Plan No. 502 (the "Plan"). The Plan is an employee welfare benefit plan governed by ERISA.

4. Pilloud is the Eligible Employee and Primary Enrollee under the Plan's dental benefit. His Spouse, Nora Capron, is a Dependent enrolled under Pilloud's Primary Enrollee ID.

5. Under the First Benefits Booklet, when a covered service is provided by a dentist who is not a Delta Dental Dentist, the Enrollee pays the dentist and "Delta Dental will reimburse you." It also provides that "[p]ayments made to you are not assignable." (Exhibit C-1 at 6.) Under the Second Benefits Booklet, "[a]ll Benefits not paid to a PPO or Premier Provider will be payable to you (the Primary Enrollee or Dependent Enrollee)." (Exhibit C-2 at 9.)

6. Each visit at issue was paid in full at the time of service by credit card. Pilloud paid for his visits and his Spouse paid for hers. Pilloud and his Spouse are married and domiciled in Washington, and the card balances were paid with community funds.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

7. Delta Dental issued every reimbursement at issue by check drawn on Delta Dental of California and payable to "ANDREW M PILLOUD." That includes the reimbursements for services provided to his Spouse, paid by checks dated May 15, 2025, November 26, 2025, and May 21, 2026. (Exhibit D-3.)

8. The benefits sought in this action are therefore "benefits due to him" within the meaning of 29 U.S.C. § 1132(a)(1)(B). Pilloud brings this action in his own right as a Plan participant.

9. Defendant Delta Dental of California ("Delta Dental") is a California corporation with its principal place of business at 560 Mission St, Suite 1300, San Francisco, California 94105.

10. Delta Dental is the Plan's Claims Administrator for the self-funded dental benefit. Delta Dental admits that the Plan documents confer on it discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to dental claims. (Dkt. 16, Answer ¶¶ 16, 91.)

11. Every claim statement at issue identifies the Plan as "administered by: Delta Dental of California," and every benefit check is drawn by Delta Dental of California. (Exhibits D-2, D-3.) The Second Benefits Booklet refers to a group dental contract "issued by Delta Dental Insurance Company." On information and belief, Delta Dental of California administers that contract and decided every claim and appeal at issue.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

12. Delta Dental is a fiduciary of the Plan under 29 U.S.C. § 1002(21)(A) with respect to its exercise of that discretionary authority, including setting and applying the reimbursement allowances used to decide claims.

13. Defendant Google LLC ("Google") is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google is the Plan Sponsor and pays dental benefits from its general assets. Google identified itself as the Plan's administrator in the Plan's 2025 Form 5500 (EIN 77-0493581, Plan No. 502), filed September 17, 2026. (Exhibit F.)

14. Defendant Administrative Committee of the Google LLC Welfare Benefit Plan (the "Committee") is designated Plan Administrator and Agent for Service of Legal Process in the Plan's WRAP Summary Plan Description. (Exhibit B at 4, 7.) On information and belief, the Committee is composed of Google officers or employees acting on Google's behalf. Google and the Committee are referred to together as the "Plan Administrator."

15. In the alternative, whichever of Google or the Committee is the "administrator" of the Plan within the meaning of 29 U.S.C. § 1002(16)(A) is liable under 29 U.S.C. § 1132(c)(1)(B) for the failures alleged in Counts One and Two.

## III. JURISDICTION AND VENUE

16. This Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

17. Pilloud is employed by Google and has received the dental benefits at issue in King County, Washington during all periods relevant to this Complaint.

18. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) because the breaches took place here and Pilloud received benefits here.

19. Pilloud has exhausted the Plan's administrative remedies for the benefit claims listed in ¶ 81. Delta Dental admitted exhaustion as to the benefit claims in the original Complaint. (Dkt. 16, Answer ¶ 13.) Exhaustion as to the claims listed in ¶¶ 82 and 86 is addressed in ¶¶ 83-89.

## IV. FACTS

### A. The Plan Documents

20. The Plan's terms are set forth in the "Google LLC Welfare Benefit Plan, Amended and Restated Effective January 1, 2024" (the "Plan Document"), the "Google LLC Welfare Benefit Plan 'Wrap' Summary Plan Description" (the "WRAP SPD"), and the Benefits Booklets and Benefits Summaries issued by Delta Dental, which those documents incorporate. (Exhibits A, B.) The Plan Document controls over the other documents in the event of a conflict. (Exhibit A § 2.3.)

21. The Plan Document defines the "Plan Administrator" as "the Administrative Committee, Google LLC Welfare Benefit Plan." It provides that, "unless otherwise delegated by the


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

Plan Administrator, the Plan Administrator shall be the 'administrator'" for purposes of ERISA. (Exhibit A §§ 1.17, 6.1.)

22. The Plan Document provides that claims for self-funded benefits "will be decided by the Third Party Administrator." It gives the Third Party Administrator "full authority to interpret and apply, in its discretion, the terms of the Plan" in deciding them. It requires that "all such discretionary interpretations and decisions shall be applied in a uniform and nondiscriminatory [manner] to all Covered Persons similarly situated." (Exhibit A §§ 5.2(c)(2), 6.2.)

23. The Plan Document authorizes the Plan Administrator to delegate "any of its powers, duties, and responsibilities with respect to the operation and administration of the Plan." It also authorizes the Plan Administrator to enter into "an administrative services agreement … with an individual or entity to perform services with respect to one or more Component Programs." (Exhibit A §§ 6.3(b), 6.4.) On information and belief, the terms of any delegation to Delta Dental are set out in an administrative services agreement between Google and Delta Dental. Google has refused to produce that agreement.

24. The WRAP SPD designates the Committee as Plan Administrator and Delta Dental as "Claims Administrator" for the dental benefit, which it describes as "Self Funded." (Exhibit B at 4, 9-10.)



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

25. The Plan Administrator delegated to Delta Dental, as its agent, the administration of the self-funded dental benefit. That includes responding to participant requests for information about dental claims, reimbursement allowances, and the documents on which they are based. The WRAP SPD provides that "[s]elf-funded benefits are administered by the Claims Administrators," and it directs questions about the Plan to either the Plan Administrator or the Claims Administrator. The Benefits Booklets promise that Delta Dental will provide documents on request. (Exhibit B at 3, 4; Exhibit C-1 at 7.)

26. In late 2024, in response to Pilloud's requests, the Plan Administrator directed Pilloud to Delta Dental for documents relating to his dental claims and appeals. It informed him that Google does not participate in dental claim or appeal processing.

27. Requests for information delivered to Delta Dental were therefore received by the Plan Administrator through its agent, and Delta Dental's failures to respond are attributable to the Plan Administrator.

28. The WRAP SPD grants the Claims Administrator "full authority to interpret and apply, in its discretion, the terms of the Plan and make factual findings." (Exhibit B at 8.)

### B. The First Benefits Booklet

29. A Delta Dental document titled "Combined Evidence of Coverage and Disclosure Form" (the "First Benefits Booklet") governed the dental benefit through July 31, 2025. Its


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

editions effective January 1, 2024 and January 1, 2025 are identical in the provisions cited in this Complaint except for the effective date. (Exhibit C-1, 2025 edition.)

30. The First Benefits Booklet states that it "constitutes only a summary of the dental plan. The dental Contract must be consulted to determine the exact terms and conditions of coverage."

31. The First Benefits Booklet defines Usual, Customary and Reasonable fees:

> A Usual fee is the amount which an individual dentist regularly charges and receives for a given service or the fee actually charged, whichever is less.
>
> A Customary fee is within the range of usual fees charged and received for a particular service by dentists of similar training in the same geographic area.
>
> A Reasonable fee schedule is reasonable if it is Usual and Customary. …

32. The First Benefits Booklet provides that payment for services by a dentist who is not a Delta Dental Dentist "will be based on the applicable percentage of the lesser of the Fee Actually Charged, or the Customary Fee."

33. The First Benefits Booklet promises: "Upon request and free of charge, we will provide you with copies of any pertinent documents that are relevant to the claim, a copy of any internal rule, guideline, protocol, and/or explanation of the scientific or clinical judgment if relied upon in denying or modifying the claim." (Exhibit C-1 at 7.)

34. Delta Dental repeats this promise on every claim statement: "You or your dental provider may request, free of charge, copies of any pertinent documents that are relevant to the


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

claim. Upon request and free of charge, Delta Dental will provide you a copy of any internal rule, guideline, protocol … if relied upon in denying your claim."

35. The 2025 Dental Summary of Coverage, a Benefits Summary under the WRAP SPD, states: "Reimbursement is based on PPO contracted fees for PPO dentists, Premier contracted fees for Premier dentists and Premier contracted fees for non-Delta Dental dentists." (Exhibit C-3.) The 2026 Dental Summary of Coverage replaces the final phrase with "program allowance for non-Delta Dental dentists."

36. The Benefits Summary thus states that Delta Dental bases out-of-network reimbursement on its in-network contracted fees. The First Benefits Booklet instead promises reimbursement based on a Customary Fee "within the range of usual fees charged and received … by dentists of similar training in the same geographic area." A network contract rate is not a range of usual fees charged.

### C. The Second Benefits Booklet

37. A Delta Dental document titled "Employee Benefit Booklet" (the "Second Benefits Booklet") governs the dental benefit beginning August 1, 2025. (Exhibit C-2.)

38. The Second Benefits Booklet's cover states an effective date of January 1, 2025, the same effective date stated on the 2025 edition of the First Benefits Booklet, which provides a different out-of-network reimbursement standard. (Exhibit C-1 at 2; Exhibit C-2 at 2.)


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

39. In October 2025, Google's benefits website posted the First Benefits Booklet labeled as governing January 1 through July 31, 2025, and the Second Benefits Booklet labeled as governing from August 1, 2025. Google later removed the First Benefits Booklet from the website.

40. The Second Benefits Booklet states that it is "subject to all provisions of the Contract on file with your employer … ('Contractholder')."

41. The Second Benefits Booklet provides that the Maximum Contract Allowance for a Non-Delta Dental Provider "is the lesser of the Provider's Submitted Fee or the Program Allowance." It defines the Program Allowance as "the maximum amount Delta Dental will reimburse for a covered procedure. Delta Dental sets the Program Allowance for each procedure through a review of proprietary data by geographic area. The Program Allowance may vary by the contracting status of the Provider and/or the Program Allowance selected by the Contractholder."

42. On information and belief, Google is the "Contractholder" and selected the Program Allowance that applies to the Plan.

43. The Second Benefits Booklet states: "This booklet is not a Summary Plan Description to meet the requirements of ERISA." It promises that a notice of denial will include "[s]pecific references to the pertinent Plan provisions on which the denial is based." It also promises that when a denial rests on an internal rule or guideline, the notice "will



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

either state the specific rule … or include a statement that a copy … will be provided to you free of charge upon request." It further promises, on appeal, "reasonable access to, and copies of, all documents, records, and other information relevant to your claim." (Exhibit C-2 at 3, 6-8.)

44. Neither Benefits Booklet states the amount of any Customary Fee or Program Allowance, or the methodology used to set them.

### D. The 2024 Claim, Requests for Information, and First Appeal

45. Pilloud has received dental care from Dr. William Kenner in Burien, Washington since January 9, 2019.

46. Dr. Kenner left the Delta Dental network effective June 2, 2024.

47. On June 5, 2024, Pilloud received covered dental services from Dr. Kenner, and the visit was paid in full ($154.00) as described in ¶ 6. Delta Dental's June 13, 2024 statement showed "Accepted" fees of $154.00 and a "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $101.00.

48. On July 3, 2024, Pilloud asked Delta Dental to disclose (1) the "Customary Fee" tables for Diagnostic and Preventative services in the geographic area covering Burien, WA 98166, (2) a description of that geographic area, (3) a description of each category of "dentists of similar training," and (4) the methodology used to calculate the rates,


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

including the source and age of the data. Delta Dental admits receiving this request. (Dkt. 16, Answer ¶ 30.)

49. On July 22, 2024, Pilloud mailed the same written request to the Committee at the address designated in the WRAP SPD. (Exhibit E-1.)

50. On August 6, 2024, Pilloud filed a complaint with the U.S. Department of Labor.

51. On September 4, 2024, Pilloud received through the Department of Labor an undated Delta Dental document listing 30 procedure codes and dollar values captioned “Fees for Dr. William Kenner.” It stated that the schedule was “released in response to DOL inquiry with Google” and was “considered confidential and proprietary.” It contained no description of the geographic area, dentist training categories, or methodology.

52. Delta Dental’s September 16, 2024 letter stated that the June 5, 2024 claim was paid based on a customary fee of $101.00.

53. On October 28, 2024, Pilloud purchased the FAIR Health RV Dental Module published by Optum (“FAIR Health Data”), a commercially available benchmark of dental billings.

54. On November 22, 2024, Pilloud appealed the June 5, 2024 claim to Delta Dental, with a copy to the Committee by first-class mail. The appeal cited the FAIR Health Data and Dr. Kenner’s earlier in-network reimbursements.



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

55. The November 22, 2024 letter requested “copies of full, non-summary, plan documents, trust agreements, and contracts.” It explained that the summaries Pilloud had received conflicted with each other and with the amounts paid.

56. Delta Dental refused to treat the November 22, 2024 letter as an appeal. In a letter dated December 2, 2024 (Case ID INQ-405948), its Grievance and Appeals Department stated: “The Plan has previously reviewed this matter and responded to these concerns on September 16, 2024 on cases APP-326809 and GRV-162898. Based on this information no further consideration will be made and you have exhausted the Inquiry process with Delta Dental regarding this matter.” It added: “Our previous determination remains unchanged.”

57. APP-326809 was Delta Dental’s processing of Pilloud’s July 3, 2024 request for information, which Delta Dental had treated as an appeal. The November 22, 2024 letter was Pilloud’s first appeal of the claim, made within 180 days after the June 13, 2024 claim statement.

58. On December 6, 2024, Google responded to the November 22, 2024 request through its Compensation & Benefits Counsel, who, on information and belief, acts for the Plan Administrator in responding to participant requests for Plan documents. That counsel provided “the ERISA 104(b)(4) plan documents you requested”: the Plan Document, the 2024 WRAP SPD, the 2024 edition of the First Benefits Booklet, the Plan’s 2023 Form


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

5500 and Summary Annual Report, and certain medical-plan booklets. Google did not provide the Customary Fee tables, the methodology used to set them, or any document describing how out-of-network allowances are determined.

59. On December 10, 2024, Pilloud objected that Delta Dental's refusal was inconsistent with the Plan, which allows a request "for review with us within 180 days after receipt of the denial or modification," and with ERISA's full-and-fair-review requirements. In the same letter he asked for "a full copy of the administrative record," including all documents relied on in its determinations. Delta Dental admits receiving this request. (Dkt. 16, Answer ¶ 65.)

60. Delta Dental then treated the December 10, 2024 letter as an appeal request, which it recorded as received on December 16, 2024, and decided it in Case ID APP-368850. (Exhibit D-1.)

61. On February 6, 2025, Delta Dental reprocessed the June 5, 2024 claim. It reversed the $101.00 allowance and applied a Maximum Contract Allowance of $154.00, the full fee, with the notes "An adjustment has been made to this claim. We received additional documentation." and "This service was paid based on how your dental plan is designed." (Exhibit D-2.)

62. In its appeal decision dated February 7, 2025 (Case IDs GRV-198017 and APP-368850), Delta Dental quoted the First Benefits Booklet's definition that "a specific fee for an


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

enrollee is deemed reasonable if it is justifiable due to special circumstances or the extraordinary difficulty of the case." It then stated: "Based on this information, as a one-time exception, we have reprocessed this claim. Due to the circumstances of your case, we are considering his submitted fee as a Reasonable Fee, and Delta Dental will cover 100% of the provider's submitted fee of $154.00." (Exhibit D-1.)

63. Delta Dental thus determined, under the Plan's own definition, that Dr. Kenner's $154.00 fee for Pilloud's cleaning was a "Reasonable Fee." It did not identify the "circumstances of [Pilloud's] case" on which it relied. It did not explain why those circumstances would not apply equally to the same service, by the same dentist, for the same patient, at later visits. The same letter told Pilloud that he "may request from Delta Dental copies of all documents relevant to the determination of the claims, including any internal rule, guideline, or protocol that was relied upon in making the determination." (Exhibit D-1 at 4.)

### E. Subsequent Claims and Appeals

64. On October 28, 2024, Pilloud received covered services from Dr. Kenner, and the visit was paid in full ($412.00) as described in ¶ 6. Delta Dental's November 7, 2024 statement showed "Accepted" fees of $412.00 and a "Contract Benefit Level" of 100%, but a "Maximum Contract Allowance" and reimbursement of $311.00.



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

65. Every visit by Pilloud or his Spouse since June 5, 2024 has followed the same pattern. Dr. Kenner is paid in full at the visit. Delta Dental pays Pilloud a partial reimbursement citing the "Maximum Contract Allowance." Pilloud timely appeals, citing the FAIR Health Data.

66. Despite having determined that Dr. Kenner's $154.00 fee for the D1110 cleaning was a "Reasonable Fee" under the Plan, and that the claim was "paid based on how your dental plan is designed," Delta Dental applied a $101.00 allowance to every later D1110 claim. That includes the claims for services on March 4, 2025, July 9, 2025, November 17, 2025, March 23, 2026, and August 4, 2026, and the identical cleanings of his Spouse. Delta Dental has never explained the difference.

67. None of Delta Dental's claim statements reducing Dr. Kenner's fees states any reason for the reduction. None identifies the plan provision relied on, discloses the allowance schedule or the rule used to set it, or describes what information would support a higher payment. Each states only the "Maximum Contract Allowance" and that this allowance "is the most your dental plan will pay for a service."

68. For the services on March 25, 2026, Dr. Kenner billed two two-surface posterior composite fillings on the same tooth (D2392, $309.00 each). Delta Dental paid them as a single three-surface filling (D2393) with a Maximum Contract Allowance of $302.00, stating only "We only pay once for each tooth surface that has a filling, even if your


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

dentist put more than one filling in the same tooth." That rule does not appear in either Benefits Booklet, and the claim statement neither identified its source nor offered a copy of it.

69. On May 2, 2025, Pilloud submitted a second appeal covering his own and his Spouse's claims, making substantially the same argument as the November 22, 2024 appeal.

70. Delta Dental issued final decisions in case APP-414394 on June 4, 2025 and case APP-410190 on June 19, 2025. Each acknowledged the FAIR Health Data, found the claims processed in accordance with the Plan, and gave no explanation of the fee schedule applied and no response to the data. In a related decision dated May 29, 2025 (Case ID GRV-228766), Delta Dental stated that "contract allowances are determined by the usual and customary fee a dentist charges for a service in a specific geographical area. Our goal is to set fees comparable to the industry and ensure that our in-network providers are compensated fairly. The reimbursement rates are negotiated between contracted providers and Delta Dental."

71. On September 17, 2025, Pilloud sent a letter to both Delta Dental and the Committee. It gave notice of this action, requested preservation of records, requested all documents relied on in Delta Dental's determinations, and restated each outstanding request for information.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

72. In a letter dated December 5, 2025 (Case ID GRV-265768), which Pilloud received on December 11, 2025, Delta Dental responded to the September 17, 2025 letter. It enclosed copies of its own previous letters to Pilloud and his Spouse and one claim statement, and stated that "[t]hese materials include all documents relied upon in the determinations for the cases listed." The enclosures contained no fee table, Customary Fee, Program Allowance, methodology, or plan document. Delta Dental stated that "[t]he Plan has met its obligations under the applicable laws and therefore we consider this matter closed."

73. On October 24, 2025, Pilloud asked both Delta Dental and Google for (1) the "Program Allowance selected by the Contractholder," (2) the new dental summary plan document, and (3) the "contract on file." He sent the request to Google by email to the same Compensation & Benefits Counsel through whom Google had responded to his earlier request (¶ 58). He also asked Delta Dental for a pre-treatment estimate for a November 17, 2025 appointment. (Exhibit E-2.) Pilloud repeated the request to Delta Dental on December 2, 2025.

74. Google responded by email on October 29 and November 3, 2025. It stated that the correct 2025 Delta Dental benefit booklet was posted on Google's internal benefits website and that an incorrect booklet had been removed. That booklet states that it "is not a Summary Plan Description to meet the requirements of ERISA." On January 22, 2026, responding to a separate request, Google stated that it would not provide its service


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

agreement with Delta Dental. Google has never provided the Program Allowance selected by the Contractholder.

75. Delta Dental did not provide the pre-treatment estimate before the November 17, 2025 appointment.

76. On January 15, 2026, Pilloud sent Delta Dental an appeal of claim 20251906087744. Delta Dental did not decide the appeal within 60 days after receiving it, as the claims regulation requires. 29 C.F.R. § 2560.503-1(i)(2)(iii)(A). On April 13, 2026, Pilloud notified Delta Dental in writing that it had not responded to the January 15, 2026 appeal. Delta Dental's May 15, 2026 decision on his later appeal (APP-683306) did not mention that claim or that appeal. Delta Dental has never decided it.

77. On April 13, 2026, Pilloud sent Delta Dental an appeal covering his claims 20253226034134 and 20260836015301 and his Spouse's claims 20253096003134 and 20253236024625. Among other things, it challenged the recoding of the March 25, 2026 fillings. Delta Dental issued a final decision in case APP-683306 dated May 15, 2026, covering claims 20253226034134, 20260836015301, and 20260856073560, which repeated its prior reasoning. The decision did not address the FAIR Health Data. It stated that the claims "were processed within accordance of the Google policy guidelines." Neither Delta Dental nor the Plan Administrator has identified or produced any "Google policy guidelines" governing out-of-network reimbursement.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

78. Delta Dental did not decide the appeal as to his Spouse's claims. In a letter to his Spouse dated April 20, 2026 (case INQ-798778), reporting an inquiry received from Pilloud on April 17, 2026, it stated: "We are unable to address the concerns received because your Personal Health Information (PHI) cannot be issued to another individual without your written authorization." It added that the request "will be closed until the form is received or the patient/member initiates the complaint." Delta Dental had previously accepted and decided Pilloud's 2025 appeal of his Spouse's claims (Case IDs GRV-225086 and APP-410190). In connection with that appeal, on May 11, 2025, his Spouse executed and submitted to Delta Dental its "Designation of Representative/Authorization Form." The form designated Pilloud as her Authorized Representative "in carrying out a grievance or appeal," was not limited to any particular claim, and by its terms expired "[o]ne year from the signature date." The April 20, 2026 letter enclosed a blank copy of the same form. By its own terms, his Spouse's authorization remained in effect until May 11, 2026. It was therefore in effect when Pilloud filed the April 13, 2026 appeal and when Delta Dental refused to address it on April 20, 2026. It reports his Spouse's claims and payments to Pilloud on his own claim statements and pays her benefits by checks payable to him.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

79. To date, neither Delta Dental nor the Plan Administrator has provided Pilloud with the Customary Fee tables for his area, the Program Allowance selected by the Contractholder, or the methodology used to set either.

80. Pilloud and his Spouse continue to see Dr. Kenner.

81. Since June 2024, Delta Dental has under-reimbursed the following claims for Dr. Kenner's services. Pilloud has exhausted the Plan's review procedures for each of them, or Delta Dental failed to decide his appeal within the time the claims regulation allows. The shortfall is the difference between the benefit payable on Dr. Kenner's billed fee (after the same deductible and coinsurance level Delta Dental applied) and the amount Delta Dental paid.

| **Date of service** | **Patient** | **Claim no.** | **Billed** | **Delta paid** | **Shortfall** |
|---|---|---|---:|---:|---:|
| 2024-10-28 | Andrew | 20243036015349 | 412.00 | 311.00 | 101.00 |
| 2024-11-04 | Nora | 20243106015735 | 222.00 | 166.00 | 56.00 |
| 2025-03-04 | Andrew | 20250636079805 | 154.00 | 101.00 | 53.00 |
| 2025-05-05 | Nora | 20251266003837 | 398.00 | 311.00 | 87.00 |
| 2025-07-09 | Andrew | 20251906087744 | 222.00 | 166.00 | 56.00 |
| 2025-11-17 | Andrew | 20253226034134 | 398.00 | 311.00 | 87.00 |
| 2026-03-23 | Andrew | 20260836015301 | 222.00 | 166.00 | 56.00 |
| 2026-03-25 | Andrew | 20260856073560 | 618.00 | 201.60 | 252.80 |
| | | | | **Total** | **748.80** |


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

82. Delta Dental has applied the same allowances to the following later claims:

| Date of service | Patient | Claim no. | Billed | Delta paid | Shortfall |
|---|---|---|---:|---:|---:|
| 2026-05-11 | Nora | 20261326033310 | 412.00 | 311.00 | 101.00 |
| 2026-05-13 | Nora | 20261336086225 | 333.00 | 162.40 | 64.00 |
| 2026-08-04 | Andrew | 20262166082175 | 154.00 | 101.00 | 53.00 |
| | | | | **Total** | **218.00** |

83. On October 19, 2026, Pilloud appealed his claim listed in ¶ 82, and his Spouse appealed hers. Those appeals are pending.

84. Pilloud will seek leave to supplement this Complaint as to the claims listed in ¶ 82 once Delta Dental decides the appeals or the time to decide them expires.

85. In the alternative, further appeal of the claims listed in ¶ 82 is futile, because Delta Dental:

(a) rejected each of Pilloud's materially identical later appeals on the same grounds (Case IDs GRV-225086, GRV-228766, APP-410190, APP-414394, and APP-683306);

(b) did not decide his January 15, 2026 appeal at all;

(c) has refused to disclose the allowance schedule or methodology on which its decisions rest; and

(d) has stated that its one favorable decision was a "one-time exception."


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

86. Pilloud timely appealed the following claims of his Spouse on April 13, 2026:

| Date of service | Patient | Claim no. | Billed | Delta paid | Shortfall |
|---|---|---|---:|---:|---:|
| 2025-11-04 | Nora | 20253096003134 | 222.00 | 166.00 | 56.00 |
| 2025-11-18 | Nora | 20253236024625 | 309.00 | 161.60 | 45.60 |
| | | | | **Total** | **101.60** |

87. Delta Dental refused to decide that appeal (¶ 78).

88. The claims listed in ¶ 86 are exhausted, or alternatively should be deemed exhausted, because:

(a) Pilloud is the Primary Enrollee to whom the benefits for these claims are paid (¶¶ 4-8);

(b) Delta Dental had accepted and decided Pilloud's appeals of his Spouse's claims before, and it held his Spouse's unexpired written authorization when it refused to address the appeal;

(c) refusing a timely appeal for lack of an authorization that Delta Dental already had on file, and that had not expired under Delta Dental's own form, is not a reasonable procedure for determining a representative's authority, 29 C.F.R. § 2560.503-1(b)(4), and Delta Dental did not decide the appeal within the time the regulation allows, *id.* § 2560.503-1(i), (l); and

(d) further appeal is futile for the reasons in ¶ 85.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

89. On October 19, 2026, Pilloud's Spouse also submitted her own appeal of these claims, with her written authorization. That appeal is pending.

## V. CLAIMS FOR RELIEF

### A. COUNT ONE - Statutory Penalties, 29 U.S.C. § 1132(c)(1)(B): July 22, 2024 Request (Against Google and the Committee)

90. Pilloud incorporates the preceding paragraphs.

91. 29 U.S.C. § 1024(b)(4) requires the administrator, on written request of a participant, to furnish "the latest updated summary plan description, … contract, or other instruments under which the plan is established or operated."

92. Under 29 U.S.C. § 1132(c)(1)(B), an administrator who fails or refuses to comply with such a request within 30 days may in the court's discretion be held personally liable to the participant for up to $110 per day. 29 C.F.R. § 2575.502c-1.

93. The Customary Fee tables and methodology are instruments under which the Plan is operated. They determine the benefit a participant receives for every out-of-network service. They are the documents that let a participant "know exactly where he stands with respect to the plan--what benefits he may be entitled to." *Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 690 (9th Cir. 1995) (en banc).


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

94. Pilloud requested these documents in writing from the Plan Administrator's agent, Delta Dental, on July 3, 2024. He requested them directly from the Committee on July 22, 2024. Apart from the provider-specific schedule Delta Dental released through the Department of Labor on September 4, 2024, which described no geographic area, training categories, or methodology (¶ 51), the Plan Administrator has never provided them. The 30-day period expired on August 2, 2024, or alternatively on August 21, 2024.

95. The failure prejudiced Pilloud. Without the fee tables and methodology he could not evaluate Delta Dental's reimbursement decisions or perfect his appeals. He paid $314.94 for the FAIR Health Data to substitute for the information withheld.

### B. COUNT TWO - STATUTORY PENALTIES, 29 U.S.C. § 1132(c)(1)(B): OCTOBER 24, 2025 REQUEST (AGAINST GOOGLE AND THE COMMITTEE)

96. Pilloud incorporates the preceding paragraphs.

97. On October 24, 2025, Pilloud requested in writing the "Program Allowance selected by the Contractholder" and the dental summary plan document governing the Plan beginning August 1, 2025. He sent the request both to Google, by email to its Compensation & Benefits Counsel (¶ 73), and by letter to the Plan Administrator's agent, Delta Dental. He repeated the request to Delta Dental on December 2, 2025. Delta Dental admits receiving the October 24, 2025 request. (Dkt. 16, Answer ¶¶ 49, 66.)


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

98. Under the Second Benefits Booklet, the Program Allowance selected by the Contractholder determines the maximum benefit payable for every out-of-network procedure. It is an instrument under which the Plan is operated.

99. The 30-day period expired on November 23, 2025. Google has never provided the Program Allowance selected by the Contractholder.

### C. COUNT THREE - Enforcement of Plan Terms and Claims Regulations: Documents Relevant to the Claims (29 U.S.C. § 1132(a)(1)(B) and (a)(3); against Delta Dental)

100. Pilloud incorporates the preceding paragraphs.

101. The Benefits Booklets, and every claim statement Delta Dental issued, promise that Delta Dental will provide, on request and free of charge, copies of documents relevant to a claim and of “any internal rule, guideline, protocol” relied upon in denying or modifying the claim. That promise is a term of the Plan.

102. 29 C.F.R. § 2560.503-1(h)(2)(iii) separately requires that a claimant be given, on request and free of charge, reasonable access to and copies of all documents, records, and other information relevant to the claim for benefits. “Relevant” includes any document that was submitted, considered, or generated in making the benefit determination. *Id.* § 2560.503-1(m)(8).


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

103. The fee schedule, Customary Fee, Program Allowance, and methodology Delta Dental applied to each claim are documents relevant to each claim within the meaning of the Plan and the regulation. So is the internal rule under which Delta Dental recoded Dr. Kenner's March 25, 2026 fillings.

104. Pilloud requested these documents from Delta Dental on July 3, 2024, December 10, 2024, September 17, 2025, October 24, 2025, and December 2, 2025. Delta Dental admits receiving each request. (Dkt. 16, Answer ¶¶ 30, 47, 49, 63-66.) Delta Dental produced only its own correspondence.

105. Pilloud is entitled to an order compelling Delta Dental to produce the documents relevant to his claims, as the Plan's terms require.

### D. COUNT FOUR - Injunctive Relief Compelling Disclosure (29 U.S.C. § 1132(a)(3); against all Defendants)

106. Pilloud incorporates the preceding paragraphs.

107. Defendants' continuing refusal to disclose the rates and methodology that determine Pilloud's benefits leaves him unable to know what benefits he is entitled to for ongoing care. Money damages are an inadequate substitute for that information.

108. Defendants suffer no cognizable harm from complying with obligations that ERISA and the Plan already impose.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

109. The Court should order Defendants to produce the Customary Fee tables and Program Allowance applicable to Pilloud's claims, the methodology used to set them, and the Program Allowance selected by the Contractholder.

### E. COUNT FIVE - Recovery of Benefits and Clarification of Future Benefits (29 U.S.C. § 1132(a)(1)(B); against Delta Dental)

110. Pilloud incorporates the preceding paragraphs.

111. Delta Dental's partial payment of each claim was an adverse benefit determination. 29 C.F.R. § 2560.503-1(m)(4).

112. Delta Dental abused its discretion and denied Pilloud a full and fair review, 29 U.S.C. § 1133(2), by:

(a) failing to provide the documents relevant to his claims, which he needed to perfect his appeals, 29 C.F.R. § 2560.503-1(h)(2)(iii);

(b) failing to engage with his evidence or explain the reimbursement it applied, and instead repeating the same rationale in form decisions, 29 C.F.R. § 2560.503-1(h)(2)(iv), (j); *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997);

(c) relying on an undisclosed proprietary allowance without explanation;

(d) issuing claim statements that stated no reason for the reductions, cited no plan provision, and neither stated nor offered the internal rule relied on, 29 C.F.R. § 2560.503-1(g)(1)(i)-(v);


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

(e) refusing to review Pilloud's timely first appeal of the June 5, 2024 claim by declaring its earlier determination final, and reviewing the claim only after Pilloud objected, 29 C.F.R. § 2560.503-1(h)(3)(i) (¶¶ 56-57, 59-60); and

(f) treating identical claims inconsistently, contrary to the Plan Document's requirement that discretionary decisions "be applied in a uniform and nondiscriminatory [manner] to all Covered Persons similarly situated" (Exhibit A § 6.2; ¶ 113).

113. Delta Dental determined that Dr. Kenner's $154.00 cleaning fee was a "Reasonable Fee" under the Plan "[d]ue to the circumstances of your case," and stated on its claim statement that the claim was "paid based on how your dental plan is designed." It then labeled that determination a "one-time exception" and applied $101.00 to every later identical cleaning. It never identified any change in circumstances. The Plan Document's uniformity requirement does not permit Delta Dental to treat the same claim as reasonable on one occasion and unreasonable on the next. (¶¶ 61-66.)

114. Delta Dental's determinations are contrary to the Plan's terms. Under the First Benefits Booklet, a fee "within the range of usual fees charged and received … by dentists of similar training in the same geographic area" is a Customary Fee. Per the FAIR Health Data, Dr. Kenner's fees are at approximately the 50th percentile for the area, and Delta Dental's allowances are below it.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

115. The Plan's own Benefits Summary states that out-of-network reimbursement is "based on … Premier contracted fees," that is, on Delta Dental's discounted network contract rates. A network contract rate is not a fee "within the range of usual fees charged and received" in the area. Basing out-of-network reimbursement on discounted in-network rates is contrary to the Plan's Customary Fee standard. *See HCA Health Servs. of Ga., Inc. v. Emps. Health Ins. Co.*, 240 F.3d 982, 997 (11th Cir. 2001) (a prudent person "would not even consider the discounted fee because it only arises out of a specified contractual relationship. The usual and customary fee is the reasonable fee"). (¶¶ 35-36, 70.)

116. Delta Dental operates under a structural conflict of interest. It uses out-of-network allowances set below customary charges, and below its own in-network rates, as leverage in recruiting dentists into its network.

117. Pilloud is entitled to payment of the under-reimbursed claims listed in ¶81, with prejudgment interest, and to a declaration of his right to reimbursement of future out-of-network claims under the Plan's terms.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

### F. COUNT SIX - Breach of Fiduciary Duty, in the Alternative (29 U.S.C. §§ 1104(a)(1), 1132(a)(3); against Delta Dental)

118. Pilloud incorporates the preceding paragraphs. He pleads this Count in the alternative to Count Five, to the extent relief under § 1132(a)(1)(B) is inadequate. *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 960-62 (9th Cir. 2016).

119. In setting and applying the Customary Fee and Program Allowance used to decide claims, Delta Dental exercises discretionary authority and acts as a fiduciary.

120. Delta Dental breached its duties of loyalty and prudence by setting and applying out-of-network allowances to serve its own interest in network recruitment rather than the exclusive interest of participants. It did so by setting those allowances below customary charges and below its own in-network rates.

121. Delta Dental breached its duties by refusing to disclose information participants need to understand and protect their benefits. That information includes the allowances applied to their claims and the methodology behind them.

122. Delta Dental also breached its duties by failing to respond to Pilloud's October 24, 2025 request for a pre-treatment estimate.

123. The Court should order appropriate equitable relief. That includes requiring Delta Dental to apply an allowance consistent with the Plan's terms to future claims, and to disclose on request the allowance and methodology applicable to a participant's claims.


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

## VI. PRAYER FOR RELIEF

Pilloud requests that the Court:

A) Find that Google and the Committee failed to comply with Pilloud's requests for information, and award statutory penalties under 29 U.S.C. § 1132(c)(1)(B) in an amount the Court finds appropriate, up to $110 per day for each request from the expiration of its 30-day period until compliance;

B) Order Defendants to produce the documents and information described in Counts Three and Four;

C) Find that Delta Dental abused its discretion, and order payment of the under-reimbursed claims listed in ¶81 and of similar subsequent claims, with prejudgment interest;

D) Declare Pilloud's right to reimbursement of future out-of-network claims in accordance with the Plan's terms;

E) Order Delta Dental to describe plainly, in its Benefits Booklet, the methodology used to set out-of-network allowances;


Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777

F) Award Pilloud his costs of this action under 29 U.S.C. § 1132(g)(1); and

G) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of October 2026.

By: s/Andrew Pilloud

Andrew Pilloud
Plaintiff, Pro Se
12544 Shorewood Ln SW
Burien, WA 98146
206-279-2777
andrew@pilloud.us

## INDEX OF EXHIBITS

A: Plan Document, Amended and Restated Effective January 1, 2024 (excerpts: §§ 1.17, 1.23, 2.2-2.3, 5.2, 6.1-6.4), produced by Google December 6, 2024

B: 2026 WRAP Summary Plan Description (excerpts: Administrative Information, Glossary, Claims for Benefits: Discretion, Appendix A dental entry)

C-1: First Benefits Booklet, Combined Evidence of Coverage and Disclosure Form, effective January 1, 2025 (excerpts)

C-2: Second Benefits Booklet, Employee Benefit Booklet, effective Aug 1, 2025 (excerpts)

C-3: 2025 and 2026 Dental Summaries of Coverage (fee footnotes)

D-1: Delta Dental appeal decision, GRV-198017 / APP-368850, February 7, 2025

D-2: Delta Dental claim statement of February 6, 2025, pages 1 and 3 (check face shown; check number, routing number, member ID redacted)

D-3: Delta Dental claim statement of November 26, 2025, pages 1 and 3 (check payable to Pilloud covering his and his Spouse's claims; same redactions)

E-1: Pilloud letter to the Administrative Committee, July 22, 2024

E-2: Pilloud letter to Delta Dental, October 24, 2025

F: 2025 Form 5500, pages 1-2



Andrew Pilloud, Plaintiff
12544 SHOREWOOD LN SW
BURIEN WA 98146
206-279-2777